IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENRY ORTIZ and SOFIE ORTIZ,

    Plaintiffs,

v.                                                                                          16-cv-1396 JB/WPL

NEW MEXICO DEPARTMENT OF
CULTURAL AFFAIRS, NEW MEXICO
MUSEUM OF NATURAL HISTORY,
NEW MEXICO GEOLOGICAL SOCIETY,
ADRIAN HUNT, PHILLIP HUBER,
SPENCER LUCAS, KAYE TOOLSON,
PHIL BIRCHEFF, D. BARID, K. KEITZEL,
ALLEN LERNER, and TOMAS ROMERO,

    Defendants.

## ORDER TO SHOW CAUSE

Civil actions arising under the Constitution, laws, or treaties of the United States may be filed in the first instance, or removed to, federal district court. 28 U.S.C. §§ 1331, 1446. Civil actions may be removed by a defendant or defendanta upon the filing of a notice of removal. The notice of removal

> shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." § 1446(b)(2)(B).

The party seeking removal bears the burden of establishing that removal is proper. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) ("[A]ccording to this and most other courts, the defendant is required to prove jurisdictional facts by a 'preponderance of the evidence.'"); *Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998) ("Defendant, as the party asserting jurisdiction, has the burden of proving all jurisdictional facts and of establishing a right to removal."). "Failure of a removing party to comply with the express procedural requirements for removal renders removal defective and justifies a remand." *Ortiz v. New Mexico Dep't of Cultural Affairs*, No. 16-cv-773 KG/LF, Doc. 29 at 2-3 (D.N.M. Aug. 31, 2016) (unpublished) (citing *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999); *Zamora v. Wells Fargo Home Mortage*, 831 F. Supp. 2d 1284, 1289 (D.N.M. 2011)).

The Notice of Removal in this case was filed on December 23, 2016. (Doc. 1.) The Notice of Removal states that individual defendant Spencer Lucas filed an entry of appearance in the underlying state action on November 23, 2016, and individual defendant Kaye Toolson filed an entry of appearance on November 28, 2016. (*Id.* at 2.) No mention is made of when the individual defendants were served, which is the critical inquiry in this matter.

No later than **April 7, 2017**, Defendants will provide proof of service for Defendants Lucas and Toolson and show cause why this case should not be remanded for failure to comply with the requirements of § 1446.

IT IS SO ORDERED.

*William P. Lynch*
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.