IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENRY ORTIZ and SOFIE ORTIZ,

    Plaintiffs,

v.	16-cv-1396 JB/WPL

NEW MEXICO DEPARTMENT OF
CULTURAL AFFAIRS, NEW MEXICO
MUSEUM OF NATURAL HISTORY,
NEW MEXICO GEOLOGICAL SOCIETY,
ADRIAN HUNT, PHILLIP HUBER,
SPENCER LUCAS, KAYE TOOLSON,
PHIL BIRCHEFF, D. BARID, K. KIETZKE,
ALLEN LERNER, and TOMAS ROMERO,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Plaintiffs Henry and Sofie Ortiz filed a motion to remand (Doc. 10) and supporting memorandum (Doc. 11). The Ortizes contend that this Court lacks diversity jurisdiction over the case. The Defendants respond that the Court has federal question jurisdiction because the Ortizes assert copyright claims. (Doc. 13 at 3.) The Ortizes filed a reply (Doc. 14) and a subsequent "Appeal for Review of Attorney Dolan's Failed Attempts at Removal to Federal Court" (Doc. 17). This action arises out of certain scientific and paleontological activity that allegedly occurred on the Ortizes's property without their consent. The Ortizes bring claims of criminal trespass, criminal theft, criminal possession and use of stolen property, conversion, nuisance, and violation of the Fifth Amendment takings clauses. Upon reviewing the Notice of Removal (Doc. 1), I entered an Order to Show Cause directing the Defendants to explain certain procedural

defects in the removal. (Doc. 21.) As explained herein, I recommend that the Court deny the motion to remand and the "appeal for review."

Because the Ortizes are pro se litigants, I must construe their pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

Removal of civil actions may be based on diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331, and is governed by 28 U.S.C. §§ 1441 and 1446. Section 1441(a) provides that any civil action brought in state court, over which a federal district court has original jurisdiction, may be removed by the defendant or defendants to the relevant district court. Diversity jurisdiction under § 1332(a)(1) requires an amount in controversy in excess of $75,000 and complete diversity of citizenship between plaintiffs and defendants. Federal question jurisdiction under § 1331 exists whenever the "civil action[] aris[es] under the Constitution, laws, or treaties of the United States." "Federal jurisdiction is determined based on the facts as they existed at the time the complaint was filed." *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)).

Having reviewed the Defendants' response to my Order to Show Cause, I will not recommend remand for procedural defects. I note that the Defendants did not satisfactorily establish that they complied with the procedural requirements of 28 U.S.C. § 1441. However, procedural defects in removal are not jurisdictional and may be waived. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999). The Ortizes did not address the 30-day period for removal in their motion to remand and thus have waived the argument.

The Ortizes assert that this case should be remanded because the parties are all citizens of the same state and because the Ortizes stipulate that the claim is worth less than $75,000, thus, the Court lacks diversity jurisdiction. The Defendants compounded confusion by discussing the $75,000 threshold in their Notice of Removal. (Doc. 1 at 2.)

While the Ortizes are correct that diversity jurisdiction does not exist in this case, that is the wrong inquiry. The Notice of Removal was explicitly based on 28 U.S.C. § 1331 – federal question jurisdiction – because of the Fifth Amendment takings clause allegation and a claim for copyright violations. (*Id.*)

It does not appear from the face of the Complaint that the Ortizes in fact bring claims for copyright violations. Instead, the Ortizes attached several exhibits to the Complaint, including a handwritten note that says, "Note illegal copyright of Plaintiffs' property" (Doc. 1-2 at 7), another handwritten note that says, "Note illegality of copyright in respect to Plaintiffs' property" (Doc. 1-2 at 13), and an underlined explanation that reads, "The [Defendants] have gone so far as to claim copyright in Plaintiffs' fossils, paleontological site and recent scientific information derived thereof, even after being informed of the rightful property owners" (Doc. 1-2 at 11). None of these instances suggest that the Ortizes are pursing any remedy for copyright violation or misappropriation of copyrighted material.

Although the Ortizes did not bring a claim under copyright law, they did explicitly invoke the takings clause of the Fifth Amendment. (Doc. 1-2 at 3); *see Chicago, B. & Q.R. Co. v. City of Chicago*, 166 U.S. 226, 239 (1897) (incorporating the Fifth Amendment's takings clause to the states by operation of the Fourteenth Amendment; "[t]he conclusion of the court on this question is that, since the adoption of the fourteenth amendment, compensation for private property taken for public uses constitutes an essential element in 'due process of law,' and that without such compensation the appropriation of private property to public uses, no matter under what form of procedure it is taken, would violate the provisions of the federal constitution."). Because the Ortizes invoked the Constitution as a basis for their claim, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

The Ortizes also suggest that the consent or unanimity requirements of 28 U.S.C. § 1446 have not been satisfied, and removal is therefore deficient. All defendants who had been properly served "must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). While the Defendants did not attach individually signed consent forms, defense counsel represents, on penalty of Rule 11 sanctions, that the defendants concurred in removal. This is sufficient.

Because the Ortizes assert constitutional claims, and because the procedural defects in removal are not jurisdictional, I recommend that the Court deny the motion to remand.

Additionally, I recommend that the Court construe the "Appeal for Review" as a supplement to the motion to remand and deny the same.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

                                                                                        _____
                                                                                        William P. Lynch
                                                                                        United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.