# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

HENRY ORTIZ and SOFIE ORTIZ,

       Plaintiffs,

vs.                                        No. CIV 16-1396 JB/WPL

NEW MEXICO DEPARTMENT OF
CULTURAL AFFAIRS; NEW MEXICO
MUSEUM OF NATURAL HISTORY;
NEW MEXICO GEOLOGICAL SOCIETY;
ADRIAN HUNT; PHILIP HUBER;
SPENCER LUCAS; KAYE TOOLSON;
PHIL BIRCHEFF; D. BAIRD; K. KIETZKE;
ALLAN LERNER, and TOMAS ROMERO,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 11, 2017 (Doc. 23)("PFRD"); (ii) the Plaintiffs' Motion to Remand Case to Fourth Judicial District Court in Las Vegas, New Mexico, filed January 5, 2017 (Doc. 10)("First Motion to Remand"); (iii) the Plaintiffs' Argument Against Second Removal to United States District Court, Invalidation of Attorney Daniel R. Dolan's Defense, Appeal/Petition for Mediation, filed January 6, 2017 (Doc. 11)("Second Motion to Remand"); (iv) the Plaintiffs' Response to Proposed Findings and Recommended Disposition, and Demand for Injunctive Relief of New Publications of New-Mexico Museum-of-Natural-History-Locality 1339 (Plaintiffs' Property), filed April 14, 2017 (Doc. 24)("Objections"); (v) the Plaintiffs' Appeal for Review of Attorney Dolan's Failed Attempts at Removal to Federal Court, filed February 3, 2017 (Doc. 17)("Appeal for Review"); (vi) the

Plaintiffs' Motion to Remand to Fourth Judicial District Court in Las Vegas New Mexico, Demand for Discovery, Response to Defendants' (State's) Motion to Dismiss, filed July 7, 2017 (Doc. 26)("Third Motion to Remand"); and (vii) the Plaintiffs' Motion for Judgement [sic] as a Matter of Law, filed August 7, 2017 (Doc. 32)("Motion for JMOL"). Because the Court agrees with the conclusion of the Honorable William P. Lynch, United States Magistrate Judge for the District of New Mexico, the Court will adopt the PFRD, deny the First, Second, and Third Motions to Remand, deny the Request for Injunctive Relief in the Objections, deny the Appeal for Review, and deny the Plaintiffs' Motion for JMOL.

## FACTUAL AND PROCEDURAL BACKGROUND

This case presents a lengthy procedural history and complicated set of factual allegations spanning nearly thirty years. The Court has done its best to distill these matters into a digestible and comprehensible statement of the case. The Court draws its facts from the Plaintiffs,' Petition For Compensation For A Continuous Crime of Trespass and Theft of Private Paleontological Property in the Form of Newly Discovered Fossils, Keeping Same, and Continually Publicizing New Scientific Information Thereof, in Ortiz v. New Mexico Dept. of Cultural Affairs, et al., No. D-412-CV-2016-00227, filed May 5, 2016 (Fourth Judicial District Court, County of San Miguel, State of New Mexico), filed in federal court December 23, 2016 (D.N.M. Doc. 1-2)("Complaint"), to provide a factual background. While the Court does not adopt the Plaintiffs' factual allegations, the Court nonetheless accepts them as true for the limited purpose of deciding the matters before it. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(clarifying the "tenet that a court must accept as true all of the [factual] allegations contained in a complaint")(alteration added).

The Ortizes are siblings. They have each owned the same parcel of land in San Miguel County, New Mexico, at different times during the events described below. See Complaint, ¶¶ 1-3, at 1-2. Beginning in 1990, the Defendants "participated directly or indirectly in the removal of fossils" from the Ortizes' land. Complaint, ¶ 2, at 1. The Ortizes bring several claims: (i) Count One is a claim for "[i]llegal trespass into real estate property owned by Plaintiffs," in which the Ortizes' allege that workers and volunteers of the New Mexico Museum of Natural History visited their property "on several occasions" "to do field research," that these workers and volunteers never obtained permission to be on the Ortizes' land, and that the "study and research" of fossils found on their land "constitute a carry over of theft and trespass because fossils and study information were technically obtained through theft," Complaint ¶ 5, at 2; (ii) Count Two is a claim for "[t]heft of private property in the form of trace fossils," and alleges that the continued use and possession of fossils found on the Ortizes' land constitutes a continuous crime of possession of stolen property by the New Mexico Museum of Natural History, Complaint ¶ 6, at 2; (iii) Count Three is a claim for "[t]he illegal and continued keeping and utilization of stolen property, . . . namely fossils for study, publication and probable exhibition" by the New Mexico Museum of Natural History. Complaint ¶ 7, at 3. Finally, (iv) the Ortizes assert that the Takings Clause of the Fifth Amendment to the Constitution of the United States of America applies to this case, based on allegations that the Ortizes' were not justly compensated for the taking of their property. Complaint ¶ 8, at 3.

## LAW REGARDING FEDERAL QUESTION JURISDICTION

Federal courts have limited jurisdiction, and there is a presumption against the existence of federal jurisdiction. See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). A federal district court has "original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a case arises under a federal law is determined by the "well-pleaded complaint rule." Franchise Tax Bd. Of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 9 (1983)("Franchise Tax Bd."). When "a federal question is presented on the face of the plaintiff's properly pleaded complaint," the case arises under federal law. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)(citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)). This determination is made by examining the plaintiff's complaint, "unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." Franchise Tax Bd., 463 U.S. at 10 (citing Taylor v. Anderson, 234 U.S. 74, 75-76 (1914)).

The Supreme Court of the United States has emphasized that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813 (1986). See Sandoval v. New Mexico Technology Group L.L.C., 174 F. Supp. 2d 1224, 1232 n.5 (D.N.M. 2001)(Smith, M.J.)(explaining that "Merrell Dow is the controlling law when invoking subject matter jurisdiction" and when a right under state law turns on construing federal law). District courts must exercise "prudence and restraint" when determining whether a state cause of action presents a federal question, because "determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. at 810.

In addition to the requirement that the federal question appear on the complaint's face, "plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, 'its resolution must necessarily turn on a substantial question of federal law.'" Nicodemus v. Union Pacific Corp., 318 F.3d 1231, 1235 (10th Cir. 2003)(quoting Rice v. Office

of Servicemembers' Group Life Ins., 260 F.3d 1240, 1245 (10th Cir. 2001)). If the resolution

turns on a substantial question of federal law, the federal question must also be "contested."

Grable & Sons Metal Products Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 313

(2005)("Grable & Sons"). Finally, the exercise of federal-question jurisdiction must also be

"consistent with congressional judgment about the sound division of labor between state and

federal courts governing § 1331's application." Grable & Sons, 545 U.S. at 313. Particularly, the

Court must determine whether recognition of federal-question jurisdiction will federalize a

"garden variety" state-law claim that will result in the judiciary being bombarded with cases

traditionally heard in state courts. Grable & Sons, 545 U.S. at 318. See Bonadeo v. Lujan, No.

CIV 08-0812 JB/ACT, 2009 WL 1324119, at *7-9 (D.N.M. Apr. 30, 2009)(Browning, J.).

## LAW REGARDING SUPPLEMENTAL JURISDICTION

The federal-question requirement does not prohibit the federal courts from ever hearing a

state-law claim.

> Pendent jurisdiction, in the sense of judicial power, exists whenever there is a
> claim "arising under [the] Constitution, the Laws of the United States, and
> Treaties made, or which shall be made, under their Authority . . . . ," and the
> relationship between that claim and the state claim permits the conclusion that the
> entire action before the court comprises but one constitutional "case." The federal
> claim must have substance sufficient to confer subject matter jurisdiction on the
> court. The state and federal claims must derive from a common nucleus of
> operative fact. But if, considered without regard to their federal or state character,
> a plaintiff's claims are such that he would ordinarily be expected to try them all in
> one judicial proceeding, then, assuming substantiality of the federal issues, there
> is power in federal courts to hear the whole.

United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)("Gibbs")(alterations

original)(quoting U.S. Const. art. III, § 2)(citing Levering & Garrigues Co. v. Morrin, 289 U.S.

103, 104 (1933)).

In considering supplemental state claims, the United States Court of Appeals for the Tenth Circuit has followed the Supreme Court's lead in classifying supplemental jurisdiction as a matter of judicial discretion. See Estate of Harshman v. Jackson Hole Mountain Resort Corp., 379 F.3d 1161, 1165 (10th Cir. 2004)(citing City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997); Gibbs, 383 U.S. at 726). Where supplemental jurisdiction may apply, the district court retains discretion to decline to exercise that jurisdiction. See Estate of Harshman v. Jackson Hole Mountain Resort Corp., 379 F.3d at 1165. The supplemental jurisdiction statute enumerates four factors that the court should consider in determining whether to decline jurisdiction:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). 28 U.S.C. § 1367(c) changed the district courts' supplemental jurisdiction discretion analysis to prohibit courts from declining to exercise jurisdiction unless one of the conditions of these four factors exists. See Mirzai v. State of N.M. Gen. Servs. Dep't, 506 F. Supp. 2d 767, 779 (D.N.M. 2007)(Browning, J.); Gudenkauf v. Stauffer Commc'ns, Inc., 896 F. Supp. 1082, 1084 (D. Kan. 1995)(Crow, J.).

Nevertheless, in specific and narrow instances, some state issues must be left for the state tribunal's resolution. In cases in which some of the causes of action in a complaint are removable as claims "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1441(c)(1)(A), but other causes of action include "a claim not within the original or

supplemental jurisdiction of the district court, or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described [here]." 28 U.S.C. § 1441(c)(1)(B). "Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(2). Wright and Miller explain that the statute

> applies when a federal question claim, within the meaning of 28 U.S.C.A. § 1331, is joined with a claim that is not itself such a federal question and that is not within the supplemental jurisdiction of the federal courts -- which is to say that the claim does not form part of the same case or controversy (under Article III of the United States Constitution) as the federal question claim.

14B Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 3722.3, at 208 (2017 Supplement). They also note that "Section 1441(c) no longer authorizes removal where jurisdiction over the anchor claim would be based on diversity jurisdiction." 14B Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 3722.3, at 219 (2017 Supplement).

## LAW REGARDING REMOVAL TO FEDERAL COURT

"If a civil action filed in state court satisfies the requirements for original federal jurisdiction, the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court 'embracing the place where such action is pending.'" Thompson v. Intel Corp., No. CIV 12-0620, 2012 WL 3860748, at *4 (D.N.M. Aug. 27, 2012)(Browning, J.)(citing 28 U.S.C. § 1441(a)). See Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1076 (10th Cir. 1999). The Defendants may remove a civil action to federal court where the district court would have original jurisdiction over the case based upon diversity of citizenship. See Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d at 1076 (quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). The Defendants may also remove a civil action to federal court based upon the district

court's "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

1. **Removal's Procedural Requirements.**

Section 1446 of Title 28 of the United States Code governs the procedure for removal. See 28 U.S.C. § 1446. "Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed." Thompson v. Intel Corp., 2012 WL 3860748, at *5. A removal which does not comply with the express statutory requirements is defective and must be remanded to state court. See Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d at 1077. See also Chavez v. Kincaid, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998)(Campos, J.)("The [r]ight to remove a case that was originally in state court to federal court is purely statutory, not constitutional.").

Section 1446(a) of Title 28 of the United States Code provides that a party seeking removal of a matter to federal court shall file a notice of removal in the district and division where the state action is pending, "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Such notice of removal is proper if filed within thirty days from the date when the case qualifies for federal jurisdiction. See 28 U.S.C. § 1446(b); Caterpillar Inc. v. Lewis, 519 U.S. at 68-69. The Tenth Circuit has further elaborated that, for the thirty-day period to begin to run, "this court requires clear and unequivocal notice from the pleading itself, or a subsequent 'other paper'" that federal jurisdiction is available. Akin v. Ashland Chem. Co., 156 F.3d 1030, 1036 (10th Cir. 1998). The Tenth Circuit specifically disagrees with "[c]ases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove may exist."

Akin v. Ashland Chem. Co., 156 F.3d at 1036.  See Carrillo v. MCS Indus., Inc., 2012 WL 5378300, at *6-9.

      **2.**      **Amendment of the Notice of Removal.**

      In Caterpillar Inc. v. Lewis, the Supreme Court held that a defect in subject-matter jurisdiction cured before entry of judgment did not warrant reversal or remand to state court.  See 519 U.S. at 70-78.  Similarly, citing Caterpillar Inc. v. Lewis, 519 U.S. at 77, the Tenth Circuit has held that "a defect in removal procedure, standing alone, is not sufficient to warrant vacating judgment and remand to state court if subject matter jurisdiction existed in the federal court." Browning v. Am. Family Mut. Ins. Co., 396 F. App'x 496, 505-06 (10th Cir. 2010)(unpublished)[1] (citing Caterpillar Inc. v. Lewis, 519 U.S. at 77). In McMahon v. Bunn-O-Matic Corp., 150 F.3d 651 (7th Cir. 1998), the United States Court of Appeals for the Seventh Circuit noticed on appeal defects in the notice of removal, including that the notice failed to properly allege diversity of citizenship.  See 150 F.3d at 653 ("As it happens, no one paid attention to subject-matter jurisdiction . . . .").  The Seventh Circuit permitted the defective notice of removal to be amended on appeal to properly establish subject-matter jurisdiction.  See 150 F.3d at 653-54.

---

      [1]Browning v. Am. Family Mut. Ins. Co. is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Browning v. Am. Family Mut. Ins. Co., Jenkins v. MTGLQ Investors, 218 F. App'x 719 (10th Cir. 2007)(unpublished), and Pevehouse v. Scibana, 229 F. App'x 795 (10th Cir. 2007)(unpublished) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

The Tenth Circuit has allowed defendants to remedy defects in their petition or notice of removal. See Jenkins v. MTGLQ Investors, 218 F. App'x 719, 723 (10th Cir. 2007)(unpublished)(granting unopposed motion to amend notice of removal to properly allege jurisdictional facts); Watkins v. Terminix Int'l Co., Nos. CIV 96-3053, 96-3078, 1997 WL 34676226, at *2 (10th Cir. May 22, 1997)(per curiam)(reminding the defendant that, on remand, it should move to amend the notice of removal to properly allege jurisdictional facts); Lopez v. Denver & Rio Grande W.R.R. Co., 277 F.2d 830, 832 (10th Cir. 1960)("Appellee's motion to amend its petition for removal to supply sufficient allegations of citizenship and principal place of business existing at the time of commencement of this action is hereby granted, and diversity jurisdiction is therefore present.").

The Tenth Circuit has further reasoned that disallowing amendments to the notice of removal, even after the thirty-day removal window has expired, when the defendant made simple errors in its jurisdictional allegations, "would be too grudging with reference to the controlling statute, too prone to equate imperfect allegations or jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 301 (10th Cir. 1968). The Tenth Circuit noted that an error in a jurisdictional allegation included failing to identify a corporation's principal place of business or referring to an individual's state of residence rather than citizenship. Hendrix v. New Amsterdam Cas. Co., 390 F.2d at 301. In McEntire v. Kmart Corp., No. CIV 09-0567, 2010 WL 553443 (D.N.M. Feb. 9, 2010)(Browning, J.), when faced with insufficient allegations in the notice of removal -- allegations of "residence" not "citizenship" -- the Court granted the defendants leave to amend their notice of removal to cure the errors in some of the "formalistic

technical requirements." 2010 WL 553443, at *8 (citing Hendrix v. New Amsterdam Cas. Co., 390 F.2d at 300-02). Further, in Thompson v. Intel Corp., the Court permitted the defendant, Intel Corporation, to amend its notice of removal to include missing jurisdictional elements, including evidence that its principal place of business and corporate headquarters -- the center of Intel Corp.'s direction, control, and coordination of activities -- was out of state, so that the diversity requirements were met. See 2012 WL 3860748, at *1.

There are limits to the defects which an amended notice of removal may cure, as Professors Wright and Miller have explained:

> [A]n amendment of the removal notice may seek to accomplish any of several objectives: It may correct an imperfect statement of citizenship, state the previously articulated grounds more fully, or clarify the jurisdictional amount. In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proffered basis of removal, and the court will not, on its own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied upon.

14C Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 3733, at 651-659 (4th ed. 2009)(footnotes omitted). Professor Moore has similarly recognized: "[A]mendment may be permitted after the 30-day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction." 16 James William Moore, Moore's Federal Practice, § 107.30[2][a][iv], at 107-184 (3d ed. 2012). Thus, where diversity jurisdiction is asserted as a basis for removal of an action to federal court, the district court may permit the removing defendant to amend its removal notice, if necessary, to fully allege facts which satisfy diversity jurisdiction's requirements by a preponderance of the evidence. See Carrillo v. MCS Indus., Inc., 2012 WL 5378300, at *6-9.

3.    **Consideration of Post-Removal Evidence.**

As the Court has previously explained, the Tenth Circuit looks to both evidence in the complaint and submitted after the complaint in determining whether the criteria necessary for removal are met. See Thompson v. Intel Corp., 2012 WL 3860748, at *8 (citing McPhail v. Deere & Co., 529 F.3d at 956). The Tenth Circuit explained in McPhail v. Deere & Co. that a district court may have evidence presented to it after a notice of removal has been filed, even if produced at a hearing on subject-matter jurisdiction, to determine if the jurisdictional requirements are met. See 529 F.3d at 953. "[B]eyond the complaint itself, other documentation can provide the basis for determining the amount in controversy -- either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward." McPhail v. Deere & Co., 529 F.3d at 956 (citing Meridican Secs. Ins. Co. v. Sadowski, 441 F.3d 536, 541-42 (7th Cir. 2006), and Manguna v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)). As this Court has explained, "the Seventh Circuit, on which the Tenth Circuit has heavily relied when addressing the amount in controversy, has recognized that 'events subsequent to removal may clarify what the plaintiff was actually seeking when the case was removed.'" Aranda v. Foamex Int'l, 884 F. Supp. 2d 1186, 1208 (D.N.M. 2012)(Browning, J.)(quoting Carroll v. Stryker Corp., 658 F.3d 675, 681 (7th Cir. 2011)). Thus, when determining if the requirements for federal jurisdiction are met in a matter removed from state court, a district court may consider evidence submitted after removal. See Thompson v. Intel Corp., 2012 WL 3860748, at *14 ("[I]t is appropriate to consider post-removal evidence to determine whether subject-matter jurisdiction exists."); Carrillo v. MCS Indus., Inc., 2012 WL 5378300, at *6-9.

## LAW REGARDING REMAND

If a defendant has removed a matter to federal court, the plaintiff may object to the removal by filing a motion to remand the case to state court. See Caterpillar Inc. v. Lewis, 519 U.S. at 69. A defect in the removal procedure is one of the grounds for remand that 28 U.S.C. § 1447(c) specifies. See Moreno v. Taos County Bd. of Comm'rs, 778 F. Supp. 2d 1139, 1141 (D.N.M. 2001)(Johnson, J.); McShares, Inc. v. Barry, 979 F. Supp. 1338, 1341 (D. Kan. 1997)(Crow, J.)(citation omitted). Specifically, § 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Lack of subject-matter jurisdiction is a second ground for remand specified in § 1447(c). Section 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## LAW REGARDING DISMISSAL

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994). A complaint's sufficiency is a question of law, and, when considering a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561

F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.")(quoting Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006)).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp v. Twombly, 550 U.S. at 555 (citation omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted). The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570)(internal citations omitted).

In reviewing a pro se complaint, the court applies the same legal standards applicable to pleadings that counsel drafts, but is mindful that the complaint must be liberally construed. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d at 1110.

> [T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint. Nevertheless, conclusory allegations without supporting factual averments are insufficient to state claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

Hall v. Bellmon, 935 F.2d at 1110 (citations omitted).

## LAW REGARDING INJUNCTIVE RELIEF

Injunctive relief is an "extraordinary remedy," and the movant must demonstrate a "clear and unequivocal right" to have a request granted. Leviton Mfg. Co., Inc. v. Nicor, Inc., Nos. CIV 04-0424 JB/RHS, CIV 04-1295 JB/ACT, 2007 WL 505796 (D.N.M. Jan. 8, 2007)(Browning, J.)(citing Greater Yellowstone Coalition v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003)). The Supreme Court and the Tenth Circuit have explained that "[t]he purpose of a

preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). See Keirnan v. Utah Transit Auth., 339 F.3d 1217, 1220 (10th Cir. 2003)("In issuing a preliminary injunction, a court is primarily attempting to preserve the power to render a meaningful decision on the merits.")(quoting Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986)). The Tenth Circuit has emphasized that "a preliminary injunction is an extraordinary remedy, and thus the right to relief must be clear and unequivocal." Nova Health Sys. v. Edmondson, 460 F.3d 1295, 1298 (10th Cir. 2006)(quoting Schrier v. Univ. of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005))(internal brackets omitted).

To establish its right to a preliminary injunction, a moving party must demonstrate: (i) the injunction is necessary to prevent irreparable harm; (ii) there is a substantial likelihood the movant ultimately will prevail on the merits; (iii) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (iv) the injunction would not be contrary to public policy. See Wyandotte Nation v. Sebelius, 443 F.3d 1247, 1254-55 (10th Cir. 2006)(quoting Kiowa Indian Tribe of Okla. v. Hoover, 150 F.3d 1163, 1171 (10th Cir. 1998)). In the Tenth Circuit, "any modified test which relaxes one of the prongs for preliminary relief and thus deviates from the standard test is impermissible." Dine v. Citizens Against Ruining our Env't v. Jewell, 839 F.3d 1276, 1282 (10th Cir. 2016).

## LAW REGARDING JUDGMENT ON THE PLEADINGS

"After the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties. See Kruzitis v. Okuma Mach. Tool, Inc., 40 F.3d 52, 54 (3d Cir. 1994)("Under Rule

12(c), we will not grant judgment on the pleadings unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." (citation and internal quotation marks omitted)). A "[j]udgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, Pa., 442 F.3d 1239, 1244 (10th Cir. 2006)(citing United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000)). Claims dismissed pursuant to a motion under rule 12(c) are dismissed with prejudice. See In re Great Lakes Dredge & Dock Co. LLC, 624 F.3d 201, 209 (5th Cir. 2010).

"Any party may move for judgment on the pleadings if no material facts are in dispute and the dispute can be resolved on both the pleadings and any facts of which the Court can take judicial notice." Ramirez v. Wal-Mart Stores, Inc., 192 F.R.D. at 304 (citing Fed. R. Civ. P. 12(c)). A motion pursuant to rule 12(c) is generally treated in the same manner as a motion to dismiss under rule 12(b)(6). See Ramirez v. Wal-Mart Stores, Inc., 192 F.R.D. at 304 (citing Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998)). A court will grant a motion for a judgment on the pleadings if the pleadings demonstrate that the moving party is entitled to judgment as a matter of law. See Ramirez v. Wal-Mart Stores, Inc., 192 F.R.D. at 304.

A court considering a motion for judgment on the pleadings should "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." Park Univ. Enters. Inc. v. Am. Cas. Co. of Reading, Pa., 442 F.3d at 1244. The court must view the facts presented in the pleadings and draw the inferences therefrom in the light most favorable to the nonmoving party. See Ramirez v. Wal-Mart Stores, Inc., 192 F.R.D.

at 304. All of the nonmoving parties' allegations are deemed to be true, and all of the movants' contrary assertions are taken to be false. See Nat'l Metro. Bank v. United States, 323 U.S. 454, 456-57 (1945); Ramirez v. Dep't of Corr., 222 F.3d 1238, 1240 (10th Cir. 2000); Freeman v. Dep't of Corr., 949 F.2d 360, 361 (10th Cir. 1991).

The same standards that govern a motion to dismiss under rule 12(b)(6) also govern a motion for judgment on the pleadings under rule 12(c). See Atl. Richfield Co. v. Farm Credit Bank, 226 F.3d 1138, 1160 (10th Cir. 2000). Under rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994). A complaint's sufficiency is a question of law, and when considering and addressing a rule 12(b)(6) motion, a court must accept as true all of the complaint's well-pleaded factual allegations, view those allegations in the light most favorable to the nonmoving party, and draw all reasonable inferences in the plaintiff's favor. See Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006); Hous. Auth. of Kaw Tribe v. City of Ponca City, 952 F.2d 1183, 1187 (10th Cir. 1991).

A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's obligation to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citation omitted). "[T]he Supreme Court recently . . .

prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 558, 562). "The [Supreme] Court explained that a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d at 1177 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570)(alterations omitted). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d at 1177. The Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1965 n.3. See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007)("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."). The Twombly Court was particularly critical of complaints that "mentioned no specific time, place, or person involved in the alleged conspiracies." 127 S. Ct. at 1971 n.10. Given such a complaint, "a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin." Id.

Robbins v. Oklahoma, 519 F.3d at 1247-48 (footnote and citations omitted).

In determining the complaint's sufficiency, all well-pleaded factual allegations are to be taken as true. See Timpanogos Tribe v. Conway, 286 F.3d 1195, 1204 (l0th Cir. 2002). "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d at 1110. "Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." Hall v. Bellmon, 935 F.2d at 1110. Only well-pleaded facts, as distinguished from conclusory allegations, are admitted when considering a motion to dismiss for failure to state a claim upon which relief can be granted. See Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001).

A court must convert a motion to dismiss into a motion for summary judgment if "matters outside the pleading are presented to and not excluded by the court," and "all parties . . . [are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d). Facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment. See Grynberg v. Koch Gateway Pipeline Co., 390 F.3d 1276, 1279 n.1 (10th Cir. 2004)(citing 27A Federal Procedure, Lawyers' Ed. § 62:520 (2003)). Furthermore, when considering a motion to dismiss, "the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." Van Woudenberg v. Gibson, 211 F.3d 560, 568 (10th Cir. 2000), abrogated on other grounds by McGregor v. Gibson, 248 F.3d 946, 955 (10th Cir. 2001). A court may consider documents to which the complaint refers if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity. See Jacobsen v. Deseret Book Co., 287 F.3d 936, 941-42 (10th Cir. 2002). If, however, a complaint does not reference or attach a document, but the complaint refers to the document and the document is central to the

plaintiff's claim, the defendant may submit an "indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). See 5A Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 1327, at 438-39 (3d ed. 2004)("[W]hen the plaintiff fails to introduce a pertinent document as part of her pleading . . . the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading.").

## LAW REGARDING JUDGMENT AS A MATTER OF LAW

Rule 50(a) of the Federal Rules of Civil Procedure provides for judgment as a matter of law. The rule states:

> **(1) *In General*.**  If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> > **(A)** resolve the issue against the party; and
>
> > **(B)** grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> **(2) *Motion*.**  A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a).

Judgment as a matter of law is proper where "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). This standard for a directed verdict mirrors the standard for summary judgment.  See Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986)(concluding "that this [rule 56] standard mirrors the standard for directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must

direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.")(internal citation omitted); <u>Wiles v. Michelin No. America, Inc.</u>, 173 F.3d 1297, 1303 (10th Cir. 1999)("We review the district court's ruling on a motion for JMOL under a standard that is essentially identical to the 'genuine issue' requirement in the summary judgment context.")(internal citation omitted). A court may grant judgment as a matter of law, however, even though it has denied summary judgment, because the parties have been able to address all relevant, available evidence. <u>See</u> <u>Lee v. Glassing</u>, 51 F. App'x 31, 32 (2d Cir. 2002)(unpublished).

In determining whether to grant judgment as a matter of law, a court may not weigh the evidence or make its own credibility determination, <u>see</u> <u>Shaw v. AAA Eng'g. & Drafting</u>, 213 F.3d 519, 529 (10th Cir. 2000), and must draw all reasonable inferences in the nonmoving party's favor, <u>see</u> <u>Thompson v. State Farm Fire & Cas. Co.</u>, 34 F.3d 932, 941 (10th Cir. 1994). Such a judgment is warranted if the evidence permits only one rational conclusion. <u>See</u> <u>Crumpacker v. Kan. Dep't of Human Res.</u>, 474 F.3d 747, 751 (10th Cir. 2007). In other words, "'[t]he question is not whether there is literally no evidence supporting the [nonmoving] party . . . but whether there is evidence upon which the jury could properly find [for that party].'" <u>Century 21 Real Estate Corp. v. Merj Int'l Inv. Corp.</u>, 315 F.3d 1271, 1278 (10th Cir. 2003)(alterations in original)(quoting <u>Hurd v. Am. Hoist & Derrick Co.</u>, 734 F.2d 495, 499 (10th Cir. 1984)).

## <u>LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS</u>

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. <u>See</u> Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to

hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs

objections: "Within 14 days after being served with a copy of the recommended disposition, a

party may serve and file specific written objections to the proposed findings and

recommendations."  Finally,  when resolving objections to a Magistrate Judge's proposal, "[t]he

district judge must determine de novo any part of the magistrate judge's disposition that has

been properly objected to.  The district judge may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with

instructions." Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the
> report or specified proposed findings or recommendations to which objection is
> made. A judge of the court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate judge. The judge may also
> receive further evidence or recommit the matter to the magistrate judge with
> instructions.

28 U.S.C. § 636(b)(1).

"'The filing of objections to a magistrate's report enables the district judge to focus

attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'"

United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and

Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S.

140, 147 (1985)). As the Tenth Circuit has noted, "the filing of objections advances the

interests that underlie the Magistrate's Act,[2] including judicial efficiency." One Parcel, 73

F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986);

United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

---

[2]28 U.S.C. §§ 631 to -39.

review by the district court or for appellate review." <u>One Parcel</u>, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" <u>One Parcel</u>, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996). <u>See</u> <u>United States v. Garfinkle</u>, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." <u>Pevehouse v. Scibana</u>, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).

In <u>One Parcel</u>, the Tenth Circuit, in accord with other courts of appeals, expanded the waiver rule to cover objections that are timely but too general. <u>See</u> <u>One Parcel</u>, 73 F.3d at 1060. The Supreme Court -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. <u>See</u> S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts

concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or <u>ruling</u> on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." <u>See</u> Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. <u>See id.</u>, at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the <i>de novo</i> standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. <u>See</u> Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

<u>Thomas v. Arn</u>, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" <u>One Parcel</u>, 73 F.3d at 1060 (quoting <u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted))). <u>Cf.</u> <u>Thomas v. Arn</u>, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In <u>One Parcel</u>, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review

despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the Magistrate Judge's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet 28 U.S.C. § 636(b)(1)'s requirements when it indicates that it gave "considerable deference to the

magistrate's order." <u>Ocelot Oil Corp. v. Sparro Indus.</u>, 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." <u>Garcia v. City of Albuquerque</u>, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." <u>Northington v. Marin</u>, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing <u>In re Griego</u>, 64 F.3d at 583- 84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." <u>Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42</u>, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." <u>Garcia v. City of Albuquerque</u>, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

<u>In re Griego</u>, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," <u>United States v. Raddatz</u>, 447 U.S. at 676 (emphasis omitted), a district court

"may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. 2013 WL 1010401, at *1, *4. The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'" Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.)). See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February

27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if it must sign its name at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

The Ortizes concede, repeatedly, that they bring a claim under the Fifth Amendment Takings Clause, although they seem to misunderstand the import of such a claim. See, e.g., Objections at 2 ("A Petition asking for payment of property removed by state workers . . . is not a federal issue. . . ."). Although the Ortizes disagree, a claim for payment of property removed by state workers is a federal issue and is a claim brought under the Fifth Amendment Takings Clause. The Ortizes assert no clear or colorable objection to the PFRD's recommendation that

the Court should deny the Motion to Remand. The Court has reviewed the PFRD and agrees with Judge Lynch that the Ortizes bring a claim under the Takings Clause. Accordingly, the Court adopts the recommendation that the Court should deny the First Motion to Remand. The Court also denies the Ortizes' Second and Third Motions to Remand.

The Court construes the Plaintiffs' "Appeal for Review" as a supplement to the Plaintiffs' Motion to Remand. This "Appeal for Review" "reiterate[s] previous arguments as presented in Documents, 10, 11, 12, 13, and 14 inclusive of Motion to Remand." Appeal for Review at 1. The Appeal for Review still fails, however, to acknowledge that a claim under the Takings Clause is a federal question. The Court thus denies the Appeal for Review for the same reasons as it does the First, Second, and Third Motions to Remand.

In their Objections, the Ortizes demand "Injunctive Relief of New Publications of New Mexico Museum of Natural History Locality 1339 (Plaintiff's Property)." Objections at 3. The Court construes this request as a motion for a preliminary injunction. The Ortizes did not address any of the four relevant factors.

> It is well established that in order to obtain a preliminary injunction, the moving party must establish four factors: (1) it will suffer irreparable harm if the injunction is not granted, (2) its threatened injury outweighs the harm caused to the opposing party as a result of the injunction, (3) the injunction is not adverse to the public interest, and (4) it has a substantial likelihood of success on the merits of the case.

Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 356 F.3d 1256, 1260 (10th. Cir. 2004).

The Ortizes' only argument is that the New Mexico Museum of Natural History's publications inaccurately represent the trace fossil site allegedly found on the Ortizes' property. See Objections at 3. It is unclear how this request constitutes "irreparable harm." Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 356 F.3d at 1260. Additionally, the Ortizes

make no showing that they are likely to prevail on the merits, that the claimed injury outweighs the harm an injunction would cause the Defendants, or that an injunction would not be contrary to public policy. The Court, therefore, will deny the motion for a preliminary injunction without prejudice to refile if the circumstances change.

The Ortizes also filed a motion for judgment as a matter of law. It is unclear whether the Ortizes meant to bring this motion pursuant to rule 50(a) of the Federal Rules of Civil Procedure or as a motion for judgment on the pleadings pursuant to rule 12(c) of the Federal Rules of Civil Procedure. To the extent that the Ortizes bring this motion under rule 50(a) of the Federal Rules of Civil Procedure, the Court also denies the motion because there has been no jury trial in this matter and thus, by its terms, Rule 50(a) is inapplicable to this case at this time.

Similarly, to the extent Plaintiffs bring this Motion as one for judgment on the pleadings, the Court will deny it. A "[j]udgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, Pa., 442 F.3d 1239, 1244 (10th Cir. 2006)(citing United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000)). Here, Plaintiffs' Motion fails to clearly establish that no material issue of fact remains to be resolved. Instead, the Motion contains unclear arguments regarding spoliation and copyright issues. See Motion for JMOL at 1-2. Further, Defendants allege that "Plaintiff uses clearly false attachments to . . . his Motion (Doc. 32)." State of New Mexico Defendants' Response to Plaintiffs' Motion For Judgment as a Matter of Law and Defendants' Motion to Strike False Statements And Manufactured Evidence, at 1, filed August 22, 2017 (Doc. 35). Plaintiffs have thus not clearly established that no material issue of fact exists. The Court will deny the Motion.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 11, 2017 (Doc. 23), is adopted; (ii) the Plaintiffs' Motion to Remand Case to Fourth Judicial District Court in Las Vegas, New Mexico, filed January 5, 2017 (Doc. 10), is denied; (iii) Plaintiffs' Argument Against Second Removal to United States District Court, Invalidation of Attorney Daniel R. Dolan's Defense, Appeal/Petition for Mediation, filed January 6, 2017 (Doc. 11), is denied; (iv) the Plaintiffs' Response to Proposed Findings and Recommended Disposition, and Demand for Injunctive Relief of New Publications of New-Mexico Museum-of-Natural-History-Locality 1339 (Plaintiffs' Property), filed April 14, 2017 (Doc. 24), is denied; (v) the Plaintiffs' Appeal for Review of Attorney Dolan's Failed Attempts at Removal to Federal Court, filed February 3, 2017 (Doc. 17), is denied; (vi) the Plaintiffs' Motion to Remand to Fourth Judicial District Court in Las Vegas New Mexico, Demand for Discovery, Response to Defendants' (State's) Motion to Dismiss, filed July 7, 2017 (Doc. 26), is denied; and (vii) the Plaintiffs' Motion for Judgement [sic] as a Matter of Law, filed August 7, 2017 (Doc. 32), is denied. The Court returns this matter to the Magistrate Judge for proposed findings and recommended disposition as to the four remaining motions: (i) the State Defendants' Motion to Dismiss, filed June 30, 2017 (Doc. 25); (ii) the New Mexico Geological Society's Notice of Completion of Briefing for its Motion to Dismiss, filed July 12, 2017 (Doc. 27); (iii) the Plaintiffs' Submission and Application of the Delayed Discovery Rule, filed July 25, 2017 (Doc. 31); and (iv) the State Defendants' Motion to Strike Plaintiffs' "Notice and Application of the Delayed Discovery Rule," filed August 9, 2017 (Doc. 33).

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Henry Ortiz and Sophie Ortiz
Ribera, New Mexico

    *Pro se Plaintiffs*

Daniel R. Dolan II
Dolan & Associates, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants New Mexico Department of Cultural Affairs, New Mexico Museum of Natural History, Adrian P. Hunt, Spencer G. Lucas, Kaye Toolson, Philip Huber, Phil Bircheff, D. Baird, K. Kietzke, and Allan Lerner*

Stuart Butzier
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant New Mexico Geological Society*

Tomas Romero
Ribera, New Mexico

    *Pro se Defendant*