IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENRY ORTIZ and SOFIE ORTIZ,

       Plaintiffs,

v.                                                                                CIV 16-01396 JB/JHR

NEW MEXICO DEPARTMENT OF
CULTURAL AFFAIRS, NEW MEXICO
MUSEUM OF NATURAL HISTORY,
NEW MEXICO GEOLOGICAL SOCIETY,
ADRIAN HUNT, PHILLIP HUBER,
SPENCER LUCAS, KAYE TOOLSON,
PHIL BERCHEFF, D. BAIRD, K. KIETZKE,
ALLEN LERNER, and TOMAS ROMERO,

       Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on "State Defendants'" (denoted as New Mexico Department of Cultural Affairs, New Mexico Museum of Natural History, and the "other individual named [including unserved] state defendants")[1] Motion to Dismiss (Doc. 25), Plaintiffs' "Submission and Application of the Delayed Discovery Rule" (Doc. 31), "Motion to Strike 'Notice and Application of the Delayed Discovery Rule' (Document 30) by Plaintiff" (Doc. 33), and Plaintiffs' "Request for Admissions" (Doc. 39). The undersigned has thoroughly reviewed the parties' submissions and attachments in the pending filings referenced above as well as the other filings in this case and the corresponding previously removed case. The

---

[1] It is unclear from the Motion to Dismiss which "individual named 'state' defendants" have brought this Motion before the Court. Counsel signing the Motion is listed as representing New Mexico Department of Cultural Affairs, New Mexico Museum of Natural History, Adrian P. Hunt, Spencer G. Lucas, Philip Huber, Phil Bercheff, Kaye Toolson, D. Baird, K. Kietzke, and Allan Lerner, but not Tomas Romero. No summons has been returned for any individual defendant, including Defendant Tomas Romero who appears to be represented *pro se*. Therefore, the Court views the Motion as being brought by all individual defendants with the exception of Tomas Romero.

undersigned hereby finds that Defendants' Motion to Strike lacks merit and should be DENIED, Plaintiffs' Request for Admission fails to comply with the Federal Rules of Civil Procedure and should also be DENIED, but the Motion to Dismiss (Doc. 25) has merit; therefore, the Court recommends that the Motion be GRANTED and the case be dismissed with prejudice.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs' Complaint alleges that in 1984, Plaintiff Henry Ortiz discovered trace fossils on a parcel of property referenced as "NMMNH San Miguel Locality 1339," which Plaintiffs allege belongs to Sofie Ortiz and himself. (Doc. 1-2 at ¶ 4). Plaintiffs allege that sometime in 1990 and on several other unspecified occasions, all named defendants participated "directly or indirectly" in removing fossils from their property without their permission. *Id.* at ¶¶ 2, 5. Plaintiffs further allege that Defendants published paleontological reports, guidebooks, and other literature referencing the paleontological site discovered by Plaintiff Henry Ortiz and exhibited the fossils exhumed from Plaintiffs' property without their permission and without ascribing the property and the discovery of the fossils to Plaintiffs. *Id.* at ¶¶ 7, 8, 9, 11.

This case was originally filed in the Fourth Judicial District Court of New Mexico on May 5, 2016. *See Henry Ortiz and Sofie Ortiz v. NM Dept. of Cultural Affairs, et al.*, Case No. D-412-CV-2016-00227. Defendants New Mexico Department of Cultural Affairs ("NMDCA"), New Mexico Museum of Natural History ("NMMNH"), Adrian P. Hunt, Spencer G. Lucas, Philip Huber, Phil Bircheff, Kaye Toolson, D. Baird, K. Kietzke, and Allan Lerner removed the case to federal court on July 5, 2016. *See Ortiz et al. v. NM Dept. of Cultural Affairs, et al.*, 1:16-cv-00773 KG/LF, ECF No. 1. The Court later found, *sua sponte*, that the Notice of Removal failed to comply with the procedural requirement for a defendant to file "a notice of removal within 30 days after receipt by or service on that defendant of the initial pleading or

summons," and remanded the case back to state court. *Id.* at ECF No. 39 (citing 28 U.S.C. § 1446(b)(2)(B)). On December 23, 2016, Defendants Kaye Toolson Bridge, Spencer Lucas, NMDCA, and NMMNH filed another Notice of Removal, initiating the instant case. *See* (Doc. 1). Plaintiffs made several demands to this court to remand again back to state court. *See* (Doc. 10, Doc. 11, Doc. 17, Doc. 26, Doc. 28). On March 29, 2017, Magistrate Judge William P. Lynch issued an Order to Show Cause why the case should not be remanded for failure to comply with the procedural requirement for removal to state in the Notice of Removal when each individual defendant was served, under 28 U.S.C. § 1446. (Doc. 20). The Court subsequently entered its Proposed Findings and Recommended Disposition on Plaintiffs' Motion to Remand, ultimately determining that Defendants' procedural defects were not jurisdictional and could therefore be waived, and that the Court has original jurisdiction over Plaintiffs' federal claim for a violation of the Fifth Amendment Takings Clause pursuant to 28 U.S.C. § 1331. (Doc. 23).

Several filings remain pending,[2] which the undersigned has been directed to address, namely: (1) State Defendants' Motion to Dismiss (Doc. 25) ("Motion to Dismiss"), filed on June 30, 2017;[3] (2) New Mexico Geological Society's Notice of Completion of Briefing for Its

---

[2]The Court previously disposed of the following filings: (1) Plaintiff's Motion to Remand Case to Fourth Judicial District Court in Las Vegas, New Mexico (Doc. 10); (2) Plaintiffs' Argument Against Second Removal to United States District Court, Invalidation of Attorney Daniel R. Dolan's Defense, Appeal/Petition for Mediation (Doc. 11); (3) Plaintiffs' Appeal for Review of Attorney Dolan's Failed Attempts at Removal to Federal Court (Doc. 17); (4) Plaintiffs' Response to Proposed Findings and Recommended Disposition, and Demand for Injunctive Relief of New Publications of New-Mexico Museum-of-Natural-History-Locality 1339 (Plaintiffs' Property) (Doc. 24); (5) Plaintiffs' Motion to Remand to Fourth Judicial District Court in Las Vegas New Mexico, Demand for Discovery, Response to Defendants' (State's) Motion to Dismiss (Doc. 26); and (6) Plaintiffs' Motion for Judgment as a Matter of Law (Doc. 32).

[3] Plaintiffs submitted a responsive filing to the Motion to Dismiss on July 7, 2017 (Doc. 26) and subsequently also filed "Plaintiffs' Submission and Application of the Delayed Discovery Rule" on July 25, 2017 (Doc. 31), on the day after State Defendants filed a Reply brief (Doc. 30), in which Plaintiffs responded to Defendants' argument that the statute of limitations had expired on Plaintiffs' claims. While the filing does not technically meet the requirements of D.N.M. LR-CIV 7, the undersigned notes that the Motion to Dismiss likewise fails to comply with D.N.M. LR-CIV 7.1(a), requiring the moving party to determine whether the motion is opposed or risk that it be

Motion to Dismiss (Doc. 27), filed on July 12, 2017;[4] (3) "State Defendants'" "Motion to Strike 'Notice and Application of the Delayed Discovery Rule' (Document 30) by Plaintiff," filed on August 9, 2017 (Doc. 33) ("Motion to Strike");[5] and (4) Plaintiffs' "Request for Admissions," filed on September 8, 2017 (Doc. 39).

Prior to discussing the merits of the Motion to Strike and Motion to Dismiss, the undersigned first recommends that Plaintiffs' "Request for Admissions" (Doc. 39) be denied to the extent that it can be construed as a discovery request pursuant to Rule 36 of the Federal Rules of Civil Procedure. Such requests must be served on the other party, not filed with the court. Fed. R. Civ. P. 36(a)(1). To the extent that the Request for Admissions requests the Court to compel information from Defendants pursuant to Fed. R. Civ. P. 37, the undersigned also recommends that the motion be denied for failing to comply with Rule 37(a)(1) requiring certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

## LEGAL STANDARD FOR MOTION TO STRIKE

The "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" under Fed. R. Civ. P. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that

---

summarily denied. Nonetheless, in the spirit of judicial efficiency, and in construing *pro se* pleadings liberally, the undersigned will review all the parties' submissions despite their apparent procedural defects.

[4] New Mexico Geological Society's Motion to Dismiss will be addressed by the undersigned in a separate Proposed Findings and Recommended Disposition.

[5] Plaintiffs filed their "Opposition to Defendants' Motion to Strike 'Submission and Application of the Delayed Discovery Rule' Document 30" on August 15, 2017 (Doc. 34). Because no reply brief was filed and the time for filing one has since expired, the motion is ripe for the court's ruling. *See* D.N.M. LR-Civ. 7.1(b).

which is material." *Daye v. Cmty. Fin. Serv. Centers, LLC*, 233 F. Supp. 3d 946, 988 (D.N.M. 2017) (Browning, J.) (citing 5C Wright & Miller, Federal Practice & Procedure, § 1382, at 458–60 (3d ed. 2004)). While the district court has considerable discretion in striking redundant, immaterial, impertinent, or scandalous matters, Rule 12(f) motions to strike are not favored, and may be seen as either a dilatory tactic, or "purely cosmetic or 'time wasters,'" and such motions "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy." *Id.* at 987, 988 (quoting 5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at 433-36).

**I. The Motion to Strike Fails to Provide a Proper Basis for the Court to Strike Plaintiff's 'Submission and Application of the Delayed Discovery Rule' (Doc. 30)**

In the Submission and Application of the Delayed Discovery Rule ("Submission"), which is the filing that the State Defendants request the Court to strike, Plaintiffs argue that the statute of limitations has not expired on their claims based on their reading of what they have termed the "delayed discovery rule." The Submission was filed twenty-five days after State Defendants filed their Motion to Dismiss, in which they argue that the statute of limitations has expired on Plaintiffs' claims. (Doc. 25 at 3-5). While the Submission may be technically procedurally improper, it is nonetheless responsive to Defendants' Motion to Dismiss and therefore relevant.

Moreover, a party may only seek to strike material from a "pleading," and other filings such as "motions, briefs, memoranda, objections, or affidavits may not be attacked by the motion to strike." *Daye*, 233 F. Supp. 3d at 988 (citing *Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps.*, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009) and *Ysais v. N.M. Judicial Standard Comm'n*, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009)) (internal markings omitted). Plaintiffs' Submission is not a pleading – *i.e.*, it is not "a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, [ ] a crossclaim; [or] … a reply

to an answer," and is therefore not subject to being stricken by the Court pursuant to Rule 12(f). *Id.*

The only exception to the rule that only pleadings may be stricken is "that a Court may choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court." *Id.* (citing several cases thereafter, however, in which the court denied a motion to strike filings that were not technically allowed by local rules) (internal markings omitted). Nevertheless, Plaintiffs are pro se litigants whose pleadings are construed liberally and held to a less stringent standard than lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). As such, even though the Submission does not fully comply with the Federal Rules of Civil Procedure or the local rules, because it directly responds to Defendants' argument in their Motion to Dismiss, and is not redundant, immaterial, impertinent, or scandalous, the undersigned recommends that the Motion to Strike be denied.

## LEGAL STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) allows parties to seek dismissal of an action based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2017). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (internal citation omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the undersigned is directed to review the complaint for plausibility. *Alvarado v. KOB–TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007). In particular, the Court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* at 1215, n. 2. The question is not whether the claim is "improbable," but whether the factual allegations are sufficient to "raise a right to relief above the speculative

level." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Bell Atl. Corp.,* 550 U.S. 544 (2007)). A court must accept all well-pleaded allegations within the complaint as true and construe them in the light most favorable to the plaintiff. *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017); *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir.1996).

## II. Plaintiffs Fail to State a Plausible Claim for a Taking Within the Statute of Limitations.

Defendants contend that the statute of limitations on Plaintiffs' claims has expired and that the case should be dismissed for failure to state a claim within the applicable statute of limitations. (Doc. 25 at 2). Defendants argue that the statute of limitations passed "more than 14 years" ago under the New Mexico Tort Claims Act ("NMTCA").[6] (*Id.* at 3). Defendants argue that Plaintiffs' claims arose in 1990, when "Defendants participated directly or indirectly in the removal of fossils from…a paleontological site…belonging to Plaintiffs." (*Id.* at 4; Doc. 1-2 at ¶ 2). Under the NMTCA, "[a]ctions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury, or death…." NMSA 1978, § 41-4-15(A). Therefore, Defendants contend, the statute of limitations expired for all of Plaintiffs' claims "no later than 1992." (Doc. 25 at 4).

### a. Plaintiffs' Trespass and Conversion Claims Against Defendants NMDCA and NMMNH

Before reaching the issue of whether the statute of limitations has expired, Plaintiffs' causes of action must be clarified to determine which statutes of limitations apply. The Court

---

[6] Defendants argue that the statute of limitations began to accrue in 1990. Plaintiffs first filed their Complaint in the Fourth Judicial District Court of New Mexico on May 5, 2016. Therefore, if Defendants are correct that the statute of limitations began to accrue in 1990 and are correct about the proper statute of limitations that applies, the limitations period would have passed twenty-four years prior to the filing of Plaintiffs' Complaint.

7

has classified Plaintiffs' claims generally as including "criminal trespass, criminal theft, criminal possession and use of stolen property, conversion, nuisance, and violation of the Fifth Amendment takings clause." (Doc. 23 at 1). Although Defendants have minimized Plaintiffs' Fifth Amendment Takings claim, the Complaint clearly invokes the Takings Clause. (*See* Doc. 1-2 at ¶ 8) ("Although this Petition is presented under common US constitutional right of private ownership it is also presented under the Fifth Amendment's Takings Clause….").

The Takings Clause, as incorporated by the Fourteenth Amendment and applied to the states, requires the state to make a "reasonable, certain, and adequate provision for obtaining [just] compensation" at the time of a state's taking of private property for public use. *Manning v. Energy Minerals*, 2006-NMSC-027, ¶ 46, 140 N.M. 528, 144 P.3d 87. The Takings Clause is self-executing, and just compensation is required when a taking occurs regardless of state statute, such that the state may not claim immunity under the New Mexico Tort Claims Act. *Id.* ¶ 21, ¶ 37, ¶ 47. In New Mexico, a state's taking through its eminent domain powers is governed by both state constitution and statute. *See* N.M. Const. Art. 2, § 20; NMSA 1978, §§ 42A-1-1 to 42A-1-34. The remedy for a taking that occurs without just compensation by an entity with eminent domain authority, is inverse condemnation under NMSA 1978, § 42A-1-29. Thus, if a state entity has eminent domain authority, Section 42A-1-29 applies, while a taking by a state entity without eminent domain authority is subject to a Fifth Amendment Takings Claim.

NMMNH is a subdivision of NMDCA, a state entity with eminent domain authority.[7] *See* NMSA 1978, § 18-6-6(D) (2004). Therefore, the appropriate and exclusive remedy for

---

[7] To the extent that Plaintiffs have attempted to make a claim against the individual defendants for inverse condemnation, such claims should also be dismissed for failure to state a claim, because a claim for inverse condemnation is based on the *government's* power of eminent domain, a power which private individuals do not have. *United Water New Mexico, Inc. v. New Mexico Pub. Util. Comm'n*, 1996-NMSC-007, ¶ 15, 121 N.M. 272,

Plaintiffs' trespass and conversion claims against these defendants is inverse condemnation under Section 42A-1-29. *See Townsend v. State ex rel. State Highway Dep't*, 1994-NMSC-014, ¶ 6, 117 N.M. 302, 303-4, 871 P.2d 958 (stating that inverse condemnation is the appropriate and exclusive remedy for a trespass action against a state entity authorized to exercise the power of eminent domain).

### i. Applicable Limitations Period for Plaintiffs' Claims against NMDAC and NMMNH

The statute of limitations for Plaintiffs' claims against NMDAC and NMMNH is the statute of limitations for inverse condemnation under NMSA 1978, § 42A-1-29. For inverse condemnation claims, "no other statute of limitation shall be applicable or pleaded as a defense…except as provided in Section 42A-1-31 NMSA 1978." NMSA 1978, § 42A-1-30. Under Section 42A-1-31(B), an inverse condemnation proceeding under Section 42A-1-29 against any state agency or political subdivision must be brought within three years from the date of the agency or subdivision's taking or damaging. NMSA 1978, § 42A-1-31(B); *see Townsend*, 1994-NMSC-014, ¶¶ 8-9. Thus, Plaintiffs' claims must be brought within three years from the date that NMDAC and NMMNH took or damaged Plaintiff's property. The common-law rule is that "a new and separate cause of action arises in inverse condemnation with each new injurious occurrence." *Id.* ¶ 13 (citing *Valdez v. Mountain Bell Telephone Co.,* 1988-NMCA-039, ¶ 21, 107 N.M. 236, 755 P.2d 80). As such, a new cause of action arose every time NMDAC or NMMNH trespassed or removed physical property from Plaintiff's property, and the statute of limitations began to run on each occurrence as to that cause of action alone. *Townsend,* 1994-NMSC-014, ¶ 13.

---

276, 910 P.2d 906, 910 ("Condemnation, or eminent domain, is the process by which a sovereign exercises the power to 'take' private property for public purposes subject to the constitutional requirement that just compensation be paid to the owner....") (quoting *Forest Preserve Dist. of DuPage County v. Brookwood Land Venture*, 229 Ill.App.3d 978, 172 Ill.Dec. 73, 77–78, 595 N.E.2d 136, 140–41 (1992)).

### b. Plaintiffs' Trespass and Conversion Claims Against Individual Defendants

As stated above, the Fifth Amendment, as incorporated by the Fourteenth Amendment, provides that state governmental entities shall not take private property for public use without just compensation. U.S. Const. Am. V. "It is beyond cavil that governmental action is required to trigger the application of this clause; it does not apply to private parties who are not state or governmental actors." *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 307 F. Supp. 2d 565, 585 (S.D.N.Y. 2004), *aff'd*, 396 F.3d 178 (2d Cir. 2005). While Plaintiffs allege that the individual defendants are "workers and volunteers of" NMMNH, they are not, in their individual capacities, "state or governmental actors," and thus no Takings claim properly lies against the individual defendants.

Other claims may still lie against the individual defendants other than the Takings claim. As identified by Magistrate Judge William P. Lynch, the remaining claims are "criminal trespass, criminal theft, criminal possession and use of stolen property, conversion, and nuisance." (Doc. 23 at 1). Plaintiffs' criminal claims are converted into civil claims to the extent that such civil claims exist. Therefore, Plaintiffs' claims against the individual defendants in their individual capacity for the allegations regarding entering Plaintiffs' property and removing fossils lie in trespass, conversion, and nuisance.

Plaintiffs brought their claims against the individual defendants as "workers and volunteers" of NMMNH or "under the auspices of the New Mexico Department of Cultural Affairs." (Doc. 1-2 at 1, ¶ 5). Thus, Plaintiffs appear to allege that the individual defendants are public employees acting within the scope of their duties. Under the New Mexico Tort Claims Act (NMTCA), governmental entities and public employees acting within the scope of their duties are immune from liability for any tort, except as waived by the New Mexico Religious

Freedom Restoration Act and NMSA 1978 §§ 41-4-5 through 41-4-12. NMSA 1978, § 41-4-4(A) (2001). However, Defendants have not argued that they are immune from liability under the NMTCA, or that the individual Defendants are not public employees under the NMTCA. Therefore, for the purposes of determining the merits of the Motion to Dismiss, the undersigned will assume that the individual defendants are not immune under the NMTCA, and that the Act applies to Plaintiffs' trespass, conversion, and nuisance claims, brought against the individual defendants as public employees acting within the scope of their duties. *See McNeill v. Rice Eng'g & Operating, Inc.*, 2010-NMSC-015, ¶ 1, 148 N.M. 16, 229 P.3d 489 (An "action for trespass to real property is in tort for the alleged injury to the right of possession."); *Townsend v. State ex rel. State Highway Dep't*, 1994-NMSC-014, ¶ 4, 117 N.M. 302, 871 P.2d 958 ("[T]he wrongful taking of [a] substance constitutes conversion, which is an action that sounds in tort."); 58 Am. Jur. 2d Nuisances § 52 ("Liability for nuisance is a species of tort liability.").

Therefore, the potential claims brought against the individual defendants in their individual capacity are trespass, conversion, and nuisance, and the statute of limitations for those claims applies. Because Plaintiffs brought claims against the individual defendants, acting as public employees within the scope of their duties, they also have a potential claim under the NMTCA, and the statute of limitations under the NMTCA also applies.

### i. Applicable Limitations Period for Plaintiffs' Claims against the Individual Defendants

New Mexico statute of limitation for claims involving the injury or conversion of personal property is within four years of the date of the occurrence. NMSA 1978, § 37-1-4. Plaintiffs' common law trespass, conversion, and nuisance claims are claims involving the injury or conversion of personal property. *See McNeill v. Rice Eng'g & Operating, Inc.*, 2006-NMCA-015, ¶ 6, 139 N.M. 48, 128 P.3d 476 (noting the statute of limitations for trespass

claims to be four years); *Wilde v. Westland Dev. Co.*, 2010-NMCA-085, ¶ 18, 148 N.M. 627, 241 P.3d 628 ("The statute of limitations for causes of action sounding in fraud or conversion is four years from the date that the cause of action accrues."); *Yurcic v. City of Gallup*, 2013-NMCA-039, ¶ 7, 298 P.3d 500 (finding that the four-year statute of limitations under Section 37-1-4 applies to nuisance claims against private individuals).

For any plausible tort claims under the NMTCA that might have been brought against the individual defendants as public employees acting within the scope of their duties, the statute of limitations expired "two years after the date of occurrence resulting in loss, injury, or death," *See* NMSA 1978, § 41-4-15.

### c. The Applicable Statutes of Limitations Have Expired on All of Plaintiffs' Potential Claims

According to Plaintiffs' Complaint, Plaintiff Henry Ortiz discovered the paleontological site in 1984 and Defendants removed fossils from their paleontological site in 1990. (*Id.* at ¶¶ 2, 4). Plaintiffs further allege that there is "ongoing illegal seizure of paleontological property." (*Id.* at ¶ 13). It is unclear from the Complaint when Defendants trespassed on their property and took fossils after 1990 as Plaintiffs fail to allege any dates beyond 1990 that the State Defendants committed the "ongoing illegal seizure of paleontological property." Therefore, even given the liberal construction the Court affords pro se litigants, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), Plaintiffs have failed to state a claim for inverse condemnation occurring within the statute of limitations. *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096-97 (10th Cir. 2009) ("If the allegations...show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim.") (quoting *Jones v. Bock*, 549 U.S. 199, 212–13 (2007)).

The statute of limitations has also expired for all other claims Plaintiffs brought or could have brought against the individual defendants in either their individual or official capacities, for allegations stemming from the trespass on and conversion of fossils from Plaintiffs' property that occurred in 1990. The statute of limitations for trespass, conversion, and nuisance being four years from the date of the occurrence, the statute of limitations expired on these claims in 1994. NMSA 1978, § 37-1-4. The statute of limitations under the NMTCA being "two years after the date of occurrence resulting in loss, injury, or death," Plaintiff's NMTCA claims expired in 1992.

### d. Equitable Tolling Does Not Apply to Plaintiffs' Claims

Plaintiffs finally argue that the statute of limitations should be equitably tolled because Defendants fraudulently concealed the discovery of their claims. (Doc. 31).

Equitable tolling for fraudulent concealment requires:

(1) the use of fraudulent means by the party who raises the ban of the statute; (2) successful concealment from the injured party; and (3) that the party claiming fraudulent concealment did not know or by the exercise of due diligence could not have known that he might have a cause of action.

*Robert L. Kroenlein Tr. ex rel. Alden v. Kirchhefer*, 764 F.3d 1268, 1281–82 (10th Cir. 2014). In support of this argument, Plaintiffs state that they recently discovered a published document, which includes a reference to the paleontological site attached to their property. (Doc. 31 at 1). However, the fact that that document was published proves that Defendants did not conceal these facts at all, but rather, openly disclosed them such that Plaintiffs could have easily discovered the information therein at the time it was published.

It is unclear what Plaintiffs allege to have been fraudulently concealed within the recently-discovered document to which they now point. Moreover, Plaintiffs themselves allege that they were aware of Defendants' removal of the fossils in 1990, which directly undercuts

13

their argument that this cause of action was fraudulently concealed. (Doc. 1-2 at ¶ 2). Therefore, the statute of limitations will not be equitably tolled on the basis of fraudulent concealment.

### e. Plaintiffs' Remaining Publication Claims against Adrian Hunt, Spencer Lucas, and Philip Huber

Defendants claim that "Plaintiff has [sic] clearly demanded copyright protection through [sic] misguided and without legal basis in his Complaint." (Doc. 25 at 4). However, the Plaintiffs themselves and the Court have both expressly stated that there is no copyright claim in Plaintiffs' Complaint. See (Doc. 23 at 3) (Proposed Findings and Recommended Disposition) ("It does not appear from the face of the Complaint that the Ortizes in fact bring claims for copyright violations.") (adopted by Honorable District Judge James O. Browning on September 20, 2017, (Doc. 40)); (Doc. 26 at 1) (in which Plaintiffs argue that neither Defendants nor Plaintiff own a copyright to the items at issue, and therefore contend that they do not possess a copyright claim). Because the Court has already determined that Plaintiffs do not have a copyright claim and Plaintiffs do not argue otherwise, Defendants' Motion to Dismiss Plaintiffs' copyright claim is moot, and should be denied.

However, while Plaintiffs have not asserted a copyright claim, they do assert allegations regarding Defendants' publication of the articles referenced in the Motion to Dismiss as forming the copyright claim. Plaintiffs allege that the workers from NMMNH erroneously received permission from individual defendant Tomas Romero to remove the fossils from Plaintiffs' property, and then published false information regarding the ownership of Plaintiffs' property and the person attributed to discovering the fossils located on Plaintiffs' property. (Doc. 1-2 at ¶ 9, ¶ 11, ¶ 13, ¶14, ¶ 15). Plaintiffs essentially seek an injunction from the court to prevent "responsible authors/Defendants" from publishing articles describing their "paleontological site as belonging to Tomas Romero," or implying that "the site belonging to

14

Plaintiffs was discovered by workers or volunteers from the New Mexico Museum of Natural History (NMMNH), and/or note otherwise in explanatory addendum in the New Mexico Geological Guidebook." (*Id.* at ¶ 3).

Plaintiffs have not identified a cause of action corresponding to these allegations and a corresponding cause of action is not apparent other than a request for injunctive relief to prevent Defendants from publishing certain allegedly erroneous information. A preliminary injunction is an "extraordinary remedy, the right to relief must be clear and unequivocal." *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir.1991)). In order to be entitled to entry of a preliminary injunction pursuant to Fed.R.Civ.P. 65, the moving party must establish that:

> (1) he or she will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits.

*Id.* (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003) (internal markings omitted). Plaintiffs have made no allegations that they would suffer irreparable injury that would outweigh any damage to the opposing parties, that the injunction would not be adverse to public interest, or that there is a substantial likelihood of success on the merits, and the undersigned cannot glean any such allegations from Plaintiffs' Complaint. Therefore, Plaintiffs' request for injunctive relief related to their publication allegations should be denied.

Likewise, the undersigned cannot comprehend any plausible cause of action arising from the publication allegations. Plaintiffs' bare publication allegations are insufficient to reasonably read a valid claim on which plaintiff can prevail, and it is improper for the court to assume the role of advocate for the pro se Plaintiffs to develop a legal theory on which Plaintiffs may rely.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the undersigned recommends that Plaintiffs' publication allegations be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, the undersigned finds that the Motion to Strike (Doc. 33) and Plaintiffs' "Request for Admissions" (Doc. 39) are without merit and should be DENIED. In addition, the undersigned proposes to find that the Motion to Dismiss and record conclusively establish that the statutes of limitations have expired on all of Plaintiffs' claims, and that the Motion to Dismiss should be GRANTED and that Plaintiff's claims be DISMISSED WITH PREJUDICE.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**