IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HENRY ORTIZ and SOFIE ORTIZ,

      Plaintiffs,

v.                                                                                        CIV 16-1396 JB/JHR

NEW MEXICO DEPARTMENT OF CULTURAL
AFFAIRS, NEW MEXICO MUSEUM OF
NATURAL HISTORY, NEW MEXICO GEOLOGICAL
SOCIETY, ADRIAN HUNT, PHILLIP HUBER,
SPENCER LUCAS, KAYE TOOLSON, PHIL
BERCHEFF, D. BARID, K. KIETZKE, ALLEN
LERNER, and TOMAS ROMERO,

      Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendant New Mexico Geological Society's ("NMGS'") Motion to Dismiss Plaintiffs' Complaint against New Mexico Geological Society for Failure to State Any Claim Upon Which Relief Can Be Granted ("Motion to Dismiss"), filed in the previously removed case on July 12, 2016. (CIV 16-00773 KG/LF, ECF Doc. No. 18). No timely responsive briefing was filed by any party in either the previously removed case (CIV 16-00773 KG/LF) or the instant case.[1] NMGS filed a Notice of Completion of Briefing on July 12, 2017 in the instant case (Doc. 27). Plaintiffs then filed a responsive brief to the Motion to Dismiss on July 19, 2017 (Doc. 28). The undersigned has thoroughly reviewed the parties' submissions related to the Motion to Dismiss in the corresponding previously removed case and the instant case. The undersigned hereby finds that the Motion to Dismiss has merit and

---

[1] Documents filed in the instant case (CIV 16-1396 JB/JHR) are cited herein as (Doc. __). Documents filed in the previously removed case (CIV 16-00773 KG/LF) are cited herein as (CIV 16-0773 KG/LF, ECF No. __).

1

recommends that it be GRANTED, and any claims against Defendant New Mexico Geological Society be dismissed with prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

The factual background and procedural history was discussed thoroughly in the undersigned's previous Proposed Findings and Recommended Disposition (Doc. 43), and is incorporated herein. It is therefore unnecessary to restate the full background and procedural history of this case. However, it is necessary to elucidate the precise allegations Plaintiffs make against NMGS in order to decide the merits of the Motion to Dismiss, and therefore, the undersigned provides such allegations herein.

Plaintiffs initially allege that "[i]n 1990, the above Defendants [including NMGS] participated directly or indirectly in the removal of fossils…from a paleontological site… belonging to the Plaintiffs." (Doc. 1-2 at ¶ 2). Plaintiffs next allege in Count One of their Complaint that "workers and volunteers of the New Mexico Museum of Natural History" illegally trespassed on Plaintiffs' property and "quarr[ied] or remove[d] flagstone or fossils from the paleontological site owned by Plaintiffs." (*Id.* at ¶ 5). Unlike the allegation in Paragraph 2, NMGS is not specifically mentioned in Count One. Likewise, NMGS is not specifically mentioned in Counts Two or Three, where Plaintiffs allege that trace fossils were stolen to "catalog, research and [] store," for "study, publication, and probable exhibition…in the New Mexico Museum of Natural History building or buildings." (*Id.* at ¶¶ 6, 7). In Paragraph 8, however, while NMGS is not named, the New Mexico Bureau of Geology and Mineral Resources, a non-party to the action, is alleged to have been "overseers or employers of

volunteers and invitees from other states or countries who removed, cataloged, researched or [t]ook, the private property specified above, physically or scientifically."[2] (*Id.* at ¶ 8).

In Paragraphs 9, 11, and 14, Plaintiffs reference articles that appear to be published by NMGS in 1990 and 2015, which either refer to the legal description of Plaintiffs' Property or the fossils discovered thereon. (*Id.* at ¶¶ 9, 11, 14, *and* p. 7-9). NMGS is also referenced in the exhibit associated with Paragraph 10, with Plaintiffs stating that "[i]nformation about [their] site was published in the New Mexico Geological Guidebook and also surfaced on the Web," and "[t]he NMMNH and the NM [G]eological Society have gone so far as to claim copyright for Plaintiffs' fossils, paleontological site and recent scientific information derived thereof, even after being informed of the rightful property owners." (*Id.* at ¶10, *and* p. 11). NMGS is also mentioned in Paragraph 15, where Plaintiffs discuss "commercially available books," including the New Mexico Geological Guidebook, that "contain information and references from Plaintiffs' fossil site." (*Id.* at ¶ 15). NMGS is not specifically mentioned in any of the remaining allegations within Plaintiffs' Complaint.

As noted in the Proposed Findings and Recommended Disposition previously issued by Magistrate Judge William P. Lynch, Plaintiffs' only claims other than the Fifth Amendment Takings claim are for "criminal trespass, criminal theft, criminal possession and use of stolen property, conversion, and nuisance." (Doc. 23 at 1). Plaintiffs' criminal claims are converted into civil claims to the extent that such civil claims exist. Therefore, the undersigned will evaluate whether Plaintiff has made sufficiently plausible allegations to state a claim for civil trespass, conversion, and nuisance.

---

[2] Plaintiffs also name New Mexico Bureau of Geology & Mineral Resources in a description for Plaintiffs' Exhibit Number 12, *see* (Doc. 1-2 at 16), and name "The New Mexico Geological Society, c/o: New Mexico Bureau of Geology & Mineral Resources" as a defendant in the case heading. (Doc 1-2 at 1). Nonetheless, New Mexico Geological Society is not alleged to be the same entity as the New Mexico Bureau of Geology and Mineral Resources, and therefore any claims Plaintiffs intended to bring against New Mexico Bureau of Geology and Mineral Resources do not translate into claims against New Mexico Geological Society.

NMGS filed its Motion to Dismiss in the previously removed case, CIV 16-00773 KG/LF, on July 12, 2016. Plaintiffs did not file a response to the Motion to Dismiss. The case was subsequently remanded to state court without the Motion to Dismiss being heard in federal court. *Id.* at ECF No. 39. No response or other additional briefing was filed in state court, and apparently the Motion to Dismiss was not heard in the state court case. *See Ortiz v. The New Mexico Department of Cultural Affairs et al.*, Civ. No. D-412-CV-2016-227. Defendants once again removed the case to federal court in December 2016. (Doc. 1). On July 12, 2017, seven months after the case was removed and a year after the Motion to Dismiss was filed, NMGS filed a Notice of Completion of Briefing ("Notice") in the instant case. (Doc. 27). Plaintiffs then filed a Response to New Mexico Geological Society's Notice on Completion of Briefing for its Motion to Dismiss (Document 27), Further Argument against Removal, and Arguments of Eminent Domain and of Continuous Transgression on July 19, 2017. (Doc. 28).[3] United States District Judge James O. Browning referred the case to United States Magistrate Judge Jerry H. Ritter pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3) on September 7, 2017. (Doc. 38). No other briefing has been submitted by the parties, and this matter is now before the Court for a recommended disposition.

## LEGAL STANDARD

Rule 12(b)(6) allows parties to seek dismissal of an action based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2017). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint

---

[3] Plaintiffs' Response does not respond to the merits of NMGS' Motion to Dismiss, but instead argues that the motion "became ineffective because the case had been removed illegally to federal court, establishing lack of jurisdiction." (Doc. 28 at ¶ 1). The Court has definitively ruled that it has federal question jurisdiction over Plaintiffs' claims. *See* (Doc. 23), Proposed Findings and Recommended Disposition, which were adopted by the Honorable District Judge James O. Browning (Doc. 40). Plaintiffs' Response, being made untimely and unresponsive to NMGS' argument, will not be considered by the undersigned in deciding the merits of the Motion to Dismiss.

after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (internal citation omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the undersigned is directed to review the complaint for plausibility. *Alvarado v. KOB–TV, L.L.C.,* No. 06–2001, 493 F.3d 1210, 1215 (10th Cir. 2007). In particular, the Court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* at 1215, n. 2. The question is not whether the claim is "improbable," but whether the factual allegations are sufficient to "raise a right to relief above the speculative level." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Bell Atl. Corp.,* 550 U.S. 544 (2007)). A court must accept all well-pleaded allegations within the complaint as true and construe them in the light most favorable to the plaintiff. *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017); *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir.1996).

## ANALYSIS

**I. Plaintiffs have failed to state a claim against NMGS for allegations regarding the entry on their Property and removal of the fossils.**

### A. Plaintiffs' Potential Claims Related to Entry and Removal of Property

NMGS makes several related arguments asserting that Plaintiffs' allegations do not implicate NMGS in any of their trespass/conversion claims. Primarily, NMGS argues that "Plaintiffs' complaint does not allege sufficient facts to put NMGS on notice of Plaintiffs' claims, nor does the complaint tell a story from which the essential elements of Plaintiffs' claims could be inferred." CIV 16-00773 KG/LF, ECF No. 18 at 3. Next, NMGS contemplates Plaintiffs' "potential" claim for trespass, arguing its insufficiency because "Plaintiffs' count of trespass is attributed to 'workers and volunteers of the New Mexico Museum of Natural History,'" and not NMGS. *Id.*at 4 (quoting Doc. 1-2 at ¶ 5).

Considering Plaintiffs' other "potential" claims, NMGS argues that Plaintiffs do not have a legally sufficient claim for conversion against NMGS, because "Plaintiffs' complaint does not allege that NMGS took possession of their 'fossils and study information.'" *Id.* at 5. Further considering Plaintiffs' allegations under the header of "keeping and utilization of stolen property" as a claim for conversion or trespass to chattels, NMGS argues that such claims fail because NMGS never had possession of the fossils and "Plaintiffs have not alleged that NMGS acted with the purpose or knowledge of interfering with Plaintiffs' fossils." *Id.* at 6 (citing *Texas-New Mexico Pipeline Co. v. Allstate Construction*, 1962-NMSC-026, ¶ 7, 70 N.M. 15, 369 P.2d 401 (defining the claim for trespass to chattel)).

As noted above, Plaintiffs' only claims for the alleged taking of the fossil are in civil trespass, conversion, and nuisance. The only allegation of trespass, conversion, and nuisance on Plaintiffs' Property implicating NMGS in Plaintiffs' Complaint is that all named Defendants, which necessarily includes NMGS, "participated directly or indirectly" in removing fossils from Plaintiffs' property in 1990. (Doc. 1-2 at ¶ 2) (allegations generally referred to as "Paragraph 2 of the Complaint" herein). Plaintiffs make no other specific allegations throughout the Complaint connecting NMGS to the alleged trespass and removal of fossils from their Property, and otherwise provide no further factual allegations detailing how NMGS "directly or indirectly" participated in trespassing and removing fossils from Plaintiffs' land.

### B. Plaintiffs' Potential Claims Fail to State a Claim Upon Which Relief May Be Granted.

Even construing Plaintiffs' allegations liberally as pro se litigants, without any further factual allegations in the Complaint beyond Paragraph 1, Plaintiffs fail to state a claim upon which relief may be granted for trespass, conversion, or nuisance. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (providing that a "pro se litigant's pleadings are to be construed

liberally and held to a less stringent standard than formal pleadings drafted by lawyers"). The broad reading of a pro se complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based"…and "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id*. Thus, Plaintiffs' sole conclusory allegation that all named defendants participated directly or indirectly in trespassing on their Property and removed the fossils found thereon, without any further supporting factual averments, is insufficient to state a claim on which relief can be granted.

     Plaintiffs' allegation that all Defendants participated directly or indirectly in trespassing on their property and removing fossils is unspecific as to the actions that NMGS took in their alleged participation. Throughout the Complaint, Plaintiffs make specific allegations regarding the actions taken by the other Defendants to directly participate in trespassing and removing the fossils. *See, e.g.,* Doc. 1-2, ¶ 5 (alleging that NMMNH workers and volunteers trespassed by making "visitations to [the] property…on several occasions, including the transporting of students to do field research"). Plaintiffs' omission of NMGS from these specific allegations of direct participation necessarily infers that NMGS did not directly participate in trespassing and removing the fossils. Thus, the only remaining allegation against NMGS is that NMGS somehow "indirectly participated" in trespassing and removing fossils. This allegation fails to provide sufficient notice of Plaintiffs' claim against NMGS and the grounds on which those claims rest. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) ("Although [Rule 8(a)(2)] encourages brevity, the complaint must say enough to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (also noting that Rule 8(a)(2) requires that the pleader give a defendant

fair notice of what the claim is and the grounds on which it rests, and providing that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," and [f]actual allegations must be enough to raise a right to relief above the speculative level") (internal markings and citation omitted). Because Plaintiffs do not provide specific factual allegations as to the grounds on which they claim NMGS indirectly participated in trespassing and removing fossils, they do not provide sufficient notice to NMGS and cannot withstand a motion to dismiss under Rule 12(b)(6). *Id.* Nonetheless, the undersigned will evaluate the merits of each potential claim outlined by Magistrate Judge Lynch to determine whether Plaintiffs have stated any plausible claim.

For a civil trespass claim, a plaintiff must show that "the defendant entered the plaintiff's land without authorization, remains on the land, or fails to remove from the land a thing which the defendant has a duty to remove." *Holcomb v. Rodriguez*, 2016-NMCA-075, ¶ 12, 387 P.3d 286 (citing Restatement (Second) of Torts § 158 (1965)).[4] The undersigned cannot parse allegations that NMGS entered Plaintiffs' land without authorization, remains on the land, or failed to remove anything from the land from the allegations in the Complaint. Therefore, Plaintiffs have failed to state a trespass claim against NMGS.

To prove conversion, a plaintiff must show one of three situations: "the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or

---

[4] "State law claims before a federal court on supplemental jurisdiction are governed by state law." *Time Warner Entm't Co., L.P. v. Everest Midwest Licensee, L.L.C.*, 381 F.3d 1039, 1044 (10th Cir. 2004). This case was removed to federal court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See* (Doc. 23 at 4). (Because Plaintiffs "explicitly invoke[d] the takings clause of the Fifth Amendment," and therefore "invoked the [United States] Constitution as a basis for their claim, the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.") The Court exercises supplemental jurisdiction over Plaintiffs' state law claims other than the Fifth Amendment Takings Clause claim. *See* 28 U.S.C. § 1367. Thus, New Mexico law applies to Plaintiffs' claims for trespass, conversion, and nuisance.

a wrongful detention after demand has been made." *Muncey v. Eyeglass World, LLC*, 2012-NMCA-120, ¶ 22, 289 P.3d 1255 (quoting *Nosker v. Trinity Land Co.*, 1988-NMCA-035, ¶ 15). It likewise cannot be inferred from the Complaint that Plaintiff is alleging that NMGS exercised unlawful dominion and control over fossils found on Plaintiffs' land in exclusion or defiance of the owner's rights, or committed acts constituting an unauthorized and injurious use of the fossils, or wrongfully detained the fossils after Plaintiffs made a demand for their property based on the sole allegation that NMGS directly or indirectly participated in removing the fossils. Therefore, Plaintiffs failed to state a conversion claim against NMGS.

Finally, "[a] private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land." *State ex rel. Baxter v. Egolf*, 1988-NMCA-047, ¶ 7, 107 N.M. 315, 757 P.2d 371 (quoting Restatement (Second) of Torts § 821D (1979)). To state a claim for nuisance, a plaintiff must show that the defendant's "conduct is a legal cause of an invasion of another's interest in the private use and enjoyment of the land, and the invasion is either: (a) intentional and unreasonable, or (b) unintentional and otherwise actionable under the rules controlling liability for negligent or reckless conduct, or for abnormally dangerous conditions or activities." *Scott v. Jordan*, 1983-NMCA-022, ¶ 12, 99 N.M. 567, 661 P.2d 59 (quoting Restatement (Second) of Torts § 822 (1979)). Plaintiffs' allegation in Paragraph 2 of the Complaint does not amount to plausible, factual allegations that NMGS intentionally and unreasonably, or otherwise, caused a nontrespassory invasion of Plaintiffs' interest in the private use and enjoyment of their land.

Thus, Plaintiffs' sole and conclusory allegation that NMGS "directly or indirectly" participated in entering Plaintiffs' property and removing fossils fails to state a claim upon which relief may be granted in trespass, conversion, or nuisance.

9

**II. Plaintiffs have failed to state a Fifth Amendment Taking Claim against NMGS, because Plaintiffs do not allege that NMGS is a governmental entity or that NMGS took Plaintiffs' Property.**

NMGS next argues that Plaintiffs' claim for a violation of the Takings Clause of the United States Constitution fails because Plaintiffs do not assert NMGS to be a governmental entity. NMGS instead asserts that it is a nonprofit organization, and therefore not liable as a governmental entity for Fifth Amendment Takings. CIV 16-00773 KG/LF, ECF No. 18 at 6-7.

"It is beyond cavil that governmental action is required to trigger the application of this clause; it does not apply to private parties who are not state or governmental actors." *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 307 F. Supp. 2d 565, 585 (S.D.N.Y. 2004), *aff'd*, 396 F.3d 178 (2d Cir. 2005). NMGS is correct that Plaintiffs do not allege that NMGS is a governmental entity. While Plaintiffs allege that the "governmental entities liable in this case are the New Mexico Museum of Natural History, the Division (sic) of Cultural Affairs, and the New Mexico Bureau of Geology & Mineral Resources,"[5] they do not specifically allege that NMGS is a governmental entity with or without eminent domain power. (Doc. 1-2 at ¶ 8). Therefore, Plaintiffs have failed to state a Takings claim against NMGS.

Moreover, as discussed above, Plaintiffs have failed to state a claim that NMGS trespassed on or converted their Property. The appropriate and exclusive remedy for trespass and conversion claims against state entities with eminent domain power is inverse condemnation under NMSA 1978, § 42A-1-29. *See Townsend v. State ex rel. State Highway Dep't*, 1994-NMSC-014, ¶ 6, 117 N.M. 302, 303-4, 871 P.2d 958. In other words, Plaintiffs' trespass and

---

[5] As discussed in Note 1, *infra*, New Mexico Bureau of Geology & Mineral Resources is not the same entity as New Mexico Geological Society, and a claim against the New Mexico Bureau of Geology & Mineral Resources is not a claim against NMGS.

conversion claims would be converted into an inverse condemnation claim if the defendant was a state entity exercising eminent domain powers; otherwise the same factual allegations that comprise Plaintiffs' trespass and conversion claims would also comprise Plaintiffs' allegations for a Takings claim. Therefore, for the reasons stated above, because Plaintiffs have failed to state a plausible trespass and conversion claim, Plaintiffs have likewise failed to state a plausible Takings claim.

### III. Plaintiffs' allegations regarding the publication of documents that reference Plaintiffs' Property and the fossils taken therefrom fail to state a claim upon which relief may be granted.

Finally, NMGS interprets the allegations in Plaintiffs' Complaint regarding NMGS' publication of articles referencing the paleontological site located on Plaintiffs' Property and the fossils Plaintiff Henry Ortiz alleges he discovered on his Property as either a "copyright claim" or a claim for injunctive relief requesting the Court to prevent NMGS from publishing materials regarding their Property and discovered fossils. CIV 16-00773 KG/LF, ECF Doc No. 18 at 7-8. In the previously issued Proposed Findings and Recommended Disposition (Doc. 43), the Court determined that Plaintiffs had not brought a copyright claim, and therefore NMGS' motion to dismiss Plaintiffs' copyright claim should be denied as moot.

As to Plaintiffs' claim for injunctive relief, NMGS argues that Plaintiffs' request fails because "they provide no factual basis that would allow the court" to "disallow references to Plaintiffs' fossils in the future." CIV 16-00773 KG/LF, ECF No. 18 at 8. Plaintiffs allege that NMGS published false information regarding the ownership of Plaintiffs' property and the person attributed to discovering the fossils located on Plaintiffs' property. (Doc. 1-2 at ¶3, ¶ 9, ¶ 11, ¶ 13, ¶14, ¶ 15). Plaintiffs also allege that "the NM [G]eological Society ha[s] gone so far as

to claim copyright for Plaintiffs' fossils, paleontological site and recent scientific information derived thereof, even after being informed of the rightful property owners." (*Id.*at 11).

Plaintiffs essentially seek an injunction from the court to prevent "responsible authors/Defendants" from publishing articles describing their "paleontological site as belonging to Tomas Romero," or implying that "the site belonging to Plaintiffs was discovered by workers or volunteers from the New Mexico Museum of Natural History (NMMNH), and/or note otherwise in explanatory addendum in the New Mexico Geological Guidebook."[6] (*Id.* at ¶ 3).

Plaintiffs have not identified a cause of action corresponding to these allegations and a corresponding cause of action is not apparent from the face of the Complaint other than the request for injunctive relief to prevent Defendants from publishing certain allegedly erroneous information. A preliminary injunction is an "extraordinary remedy, the right to relief must be clear and unequivocal." *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir.1991)). In order to be entitled to entry of a preliminary injunction pursuant to Fed.R.Civ.P. 65, the moving party must establish that:

> (1) [he or she] will suffer irreparable injury unless the injunction issues; (2) the threatened injury ... outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood [of success] on the merits.

*Id.* (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003). Plaintiffs have made no allegations that they would suffer irreparable injury that would outweigh any damage to NMGS, that the injunction would not be adverse to the public interest, or that there is a substantial likelihood of success on the merits, and the undersigned cannot interpret any such

---

[6] NMGS publishes the New Mexico Geological Guidebook. *See* Doc. 1-2 at 7-9 and 13-15. Therefore Plaintiffs' injunctive claim is made against NMGS.

allegations from Plaintiffs' Complaint. Therefore, Plaintiffs' request for injunctive relief related to their publication allegations should be denied.

Beyond the request for injunctive relief, the undersigned cannot decipher any other plausible cause of action arising from the publication allegations, and it is not the Court's role to do so. Plaintiffs' bare publication allegations are insufficient to reasonably read a valid claim on which plaintiff can prevail, and it is improper for the court to assume the role of advocate for the pro se Plaintiffs to develop a legal theory on which Plaintiffs may rely. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the undersigned recommends that Plaintiffs' publication allegations be dismissed for failure to state a claim upon which relief may be granted.

### CONCLUSION

For the foregoing reasons, the undersigned finds that NMGS' Motion to Dismiss (CIV 16-00773 KG/LF, ECF Doc. 18) has merit; therefore, the undersigned recommends that the Motion to Dismiss should be GRANTED, and the claims against Defendant New Mexico Geological Society be DISMISSED WITH PREJUDICE.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**