# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HENRY ORTIZ and SOFIE ORTIZ,

      Plaintiffs,

vs.                                       No. CIV 16-1396 JB/JHR

NEW MEXICO DEPARTMENT OF
CULTURAL AFFAIRS, NEW MEXICO
MUSEUM OF NATURAL HISTORY,
NEW MEXICO GEOLOGICAL SOCIETY,
ADRIAN HUNT, PHILLIP HUBER,
SPENCER LUCAS, KAYE TOOLSON,
PHIL BERCHEFF, D. BAIRD, K. KIETZKE,
ALLEN LERNER, and TOMAS ROMERO,

      Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed December 13, 2017 (Doc. 43)("PFRD"); (ii) the State Defendants'[1] Motion to Dismiss, filed June 30, 2017 (Doc. 25)("MTD"); (iii) the Plaintiffs' Submission and Application of the Delayed Discovery Rule, filed July 25, 2017 (Doc. 31)("Discovery Motion"); (iv) the Defendants' Motion to Strike Notice and Application of the Delayed Discovery Rule (Document 30) by Plaintiff, filed August 9, 2017 (Doc. 33); (v) the Plaintiffs' Request for Admissions, filed September 8, 2017 (Doc. 39)("Request for Admissions"); and (vi) the Plaintiffs' Explanation of Ongoing Illegal Seizure of Paleontological Property in Response to Magistrate Judge's Proposed Findings and Recommended Disposition,

---

[1]The State Defendants are defined as the New Mexico Department of Cultural Affairs, the New Mexico Museum of Natural History, and the "other individual named (including unserved) state defendants." State Defendants' Motion to Dismiss at 1, filed June 30, 2017 (Doc. 25).

filed December 18, 2017 (Doc. 44)("Objections"), which the Court interprets as objections to the PFRD. Having conducted a de novo review of the record, the Court overrules the Plaintiffs' Objections and will adopt the Honorable Jerry H. Ritter, United States Magistrate Judge's PFRD and dismiss the Plaintiffs' claims brought against the State Defendants with prejudice.

## PROCEDURAL BACKGROUND

The Court's previous Memorandum Opinion and Order, filed September 20, 2017 (Doc. 40) thoroughly stated the case's facts, and the Court will not repeat that background here. The complicated procedural history may be more useful to navigate the issues before the Court. This case was originally filed in the Fourth Judicial District Court, State of New Mexico, on May 5, 2016. See Henry Ortiz and Sofie Ortiz v. NM Dept. of Cultural Affairs, et al., Case No. D-412-CV-2016-00227. Defendants New Mexico Department of Cultural Affairs ("NMDCA"), New Mexico Museum of Natural History ("NMMNH"), Adrian P. Hunt, Spencer G. Lucas, Philip Huber, Phil Bircheff, Kaye Toolson, D. Baird, K. Kietzke, and Allan Lerner removed the case to federal court on July 5, 2016. See Ortiz et al. v. NM Dept. of Cultural Affairs, et al., 1:16-cv-00773 KG/LF, Notice of Removal at 1, filed July 5, 2016 (Doc. 1). The Court later found, sua sponte, that the Notice of Removal failed to comply with a defendant's procedural requirement to file a notice of removal within "30 days after receipt by or service on that defendant of the initial pleading or summons," and remanded the case to state court. See Ortiz et al. v. NM Dept. of Cultural Affairs, et al., 1:16-cv-00773 KG/LF, Order of Remand at 1, filed October 20, 2016 (Doc. 39) (citing 28 U.S.C. § 1446(b)(2)(B)).

On December 23, 2016, Defendants Kaye Toolson Bridge, Spencer Lucas, NMDCA, and NMMNH filed another Notice of Removal, initiating this case. See Notice of Removal, filed December 23, 2016 (Doc. 1). The Plaintiffs made several demands to the Court to remand again

to state court.  <u>See</u> Motion to Remand Case to Fourth Judicial District Court in Las Vegas, New Mexico at 1, filed January 5, 2017 (Doc. 10); Plaintiffs' Argument Against Second Removal to United States District Court, Invalidation of Attorney Daniel R. Dolan's Defense, Appeal/Petition for Mediation at 1, filed January 6, 2017 (Doc. 11); Appeal for Review of Attorney Dolan's Failed Attempts at Removal to Federal Court at 1, filed February 3, 2017 (Doc. 17); Motion to Remand to Fourth Judicial District Court in Las Vegas, New Mexico, Demand for Discovery, Response to Defendants' Motion to Dismiss at 1, filed July 7, 2017 (Doc. 26); Response to New Mexico Geological Society's Notice on Completion of Briefing for its Motion to Dismiss, Further Argument against Removal, and Arguments of Eminent Domain and Continuous Transgression at 1, filed July 19, 2018 (Doc. 28).  On March 29, 2017, the Honorable William P. Lynch, United States Magistrate Judge, issued an Order to Show Cause why the Court should not remand the case for failure to state, in the Notice of Removal, when each individual defendant was served.  <u>See</u> Order to Show Cause at 1-2, filed March 29, 2017 (Doc. 20).  The Court subsequently entered its Proposed Findings and Recommended Disposition on the Plaintiffs' Motion to Remand, ultimately determining that the Defendants' procedural defects were not jurisdictional and could therefore be waived, and that the Court has original jurisdiction over the Plaintiffs' federal claim for a violation of the Fifth Amendment Takings Clause pursuant to 28 U.S.C. § 1331.  <u>See</u> Proposed Findings and Recommended Disposition at 3-4, filed April 11, 2017 (Doc. 23).

On June 30, 2017, the State Defendants filed their Motion to Dismiss, arguing, inter alia, that the statute of limitations on the Plaintiffs' claims had expired and the Plaintiffs failed to allege sufficient facts to state a claim upon which relief may be granted.  <u>See</u> MTD at 3-6.  On July 7, 2017, the Plaintiffs filed another Motion to Remand to State Court, Demand for

Discovery, and Response to Defendants' Motion to Dismiss. See Motion to Remand to Fourth Judicial District Court in Las Vegas, New Mexico, Demand for Discovery, Response to Defendants' Motion to Dismiss at 1, filed July 7, 2017 (Doc. 26). The Plaintiffs next filed an Appendix/Supplement to their Motion to Remand on July 19, 2017. See Plaintiffs' Completion of Motion to Remand to State Court at 1, filed July 19, 2017 (Doc. 29). On July 24, 2017, the State Defendants filed a Reply in support of their Motion to Dismiss. See State Defendants' Reply in Support of Motion to Dismiss and Response in Opposition to Plaintiffs' Motion for Remand at 1, filed July 24, 2017 (Doc. 30). The Plaintiffs then filed the Plaintiffs' Submission and Application of the Delayed Discovery Rule. See Discovery Motion at 1. On August 9, 2017, the State Defendants filed a Motion to Strike Notice and Application of the Delayed Discovery Rule by Plaintiff, filed August 9, 2017 (Doc. 33). The Plaintiffs filed their response in opposition to the Motion to Strike on August 15, 2017. See State of New Mexico Defendants' Response to Plaintiffs' Motion for Judgment as a Matter of Law and Defendants' Motion to Strike False Statements and Manufactured Evidence, filed August 22, 2017 (Doc. 35). On September 8, 2017, the Plaintiffs filed a brief entitled Request for Admission. See Request for Admissions at 1.

On September 20, 2017, the Court issued a Memorandum Opinion and Order, disposing of the parties' following filings: (i) the Plaintiff's Motion to Remand Case to Fourth Judicial District Court in Las Vegas, New Mexico, filed January 5, 2017 (Doc. 10); (ii) the Plaintiffs' Argument Against Second Removal to United States District Court, Invalidation of Attorney Daniel R. Dolan's Defense, Appeal/Petition for Mediation, filed January 6, 2017 (Doc. 11); (iii) the Plaintiffs' Appeal for Review of Attorney Dolan's Failed Attempts at Removal to Federal Court, filed February 3, 2017 (Doc. 17); (iv) the Plaintiffs' Response to Proposed Findings and

Recommended Disposition, and Demand for Injunctive Relief of New Publications of New-Mexico Museum-of-Natural-History-Locality 1339 (Plaintiffs' Property), filed April 14, 2017 (Doc. 24); (v) the Plaintiffs' Motion to Remand to Fourth Judicial District Court in Las Vegas New Mexico, Demand for Discovery, Response to Defendants' (State's) Motion to Dismiss, filed July 7, 2017 (Doc. 26); and (vi) the Plaintiffs' Motion for Judgment as a Matter of Law, filed August 7, 2017 (Doc. 32).

In the Plaintiffs' Request for Admissions, the Plaintiffs "request that the court compel Defendants to render documentation (or explanations) that answer the above requests for Admissions."  Request for Admissions at 1.  The Plaintiffs provide no indication whether the requests for admission they seek were served via discovery or otherwise before the filing.

In the State Defendants' MTD, Defendants New Mexico Department of Cultural Affairs, New Mexico Museum of Natural History, and individual Defendants other than Defendant Tomas Romero argue that "[n]othing in Plaintiffs' Complaint provides clear legal basis for the allegations" therein; that, even if there were a legal basis, "the statute of limitations has long since passed" ; and that the Court should therefore dismiss the case.  MTD at 2.  The State Defendants argue that the two-year statute of limitations under the New Mexico Tort Claims Act ("NMTCA") applies and has expired.  See MTD at 3. They further argue that the Plaintiffs have made a claim for copyright infringement, and that such a claim fails as a matter of law.  See MTD at 4-5.

In the State Defendants' Motion to Strike, they assert that the Plaintiffs' Discovery Motion, is "not allowed by the Rules of Civil Procedure because it is neither a Motion, Response, or Reply following the Complaint and Answer it is [] another failed attempt by Plaintiff[s] to change the law of the case into something the Court will find compelling and

- 5 -

which law(s) are clearly misunderstood by Plaintiff," and the Court should therefore strike. Motion to Strike Notice and Application of the Delayed Discovery Rule (Document 30) by Plaintiff at 1, filed August 9, 2017 (Doc. 33). In the Discovery Motion, the Plaintiffs argue that the statute of limitations has not expired on their claims based on their reading of what they have termed the "delayed discovery rule." Discovery Motion at 1. The Plaintiffs filed the Discovery Motion twenty-five days after the State Defendants filed their Motion to Dismiss, in which they argue that the statute of limitations has expired on the Plaintiffs' claims. See MTD at 3-5.

Before issuing its Memorandum Opinion and Order, filed September 20, 2017 (Doc. 40), the Court referred the case to Magistrate Judge Ritter on September 7, 2017, in accordance with the provisions of 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and Va. Beach Fed. Sav. & Loan Ass'n v. Wood, 901 F.2d 849 (10th Cir. 1990). On December 13, 2017, Magistrate Judge Ritter issued his PFRD, recommending that the Court deny the Motion to Strike, grant the Motion to Dismiss and dismiss the State Defendants with prejudice. See PFRD at 16. The deadline for the parties to file Objections to the PFRD was December 27, 2017. See PFRD at 16. The Plaintiffs filed their Objections on December 18, 2018. See Objections at 1. None of the Defendants filed Objections to the PFRD or a response to the Plaintiffs' Objections by the December 27, 2017 deadline. The Plaintiffs also filed the Plaintiffs' Application and Attachment of Discovery Evidence to Original Petition Under Human Rights Law, and Entry of Default for Tomas Romero for Non-Response Under Federal Rules of Civil Procedure, Rule 55, Default, Default Judgment on December 28, 2017 (Doc. 45). Because, however, the Plaintiffs' December 28, 2017 brief was not timely filed within the deadline for Objections, the Court does not have to consider the arguments made therein. See United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1060 (10th Cir.

1996)("One Parcel")("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). Nonetheless, in the interest of completeness, the Court will consider the Plaintiffs' arguments.

The Court, having thoroughly reviewed the PFRD, the Plaintiffs' Objections, as well as reviewing the record de novo, determines that Judge Ritter's PFRD is sound, and therefore will adopt it in full.

## LAW REGARDING DISMISSAL

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994). A complaint's sufficiency is a question of law, and, when considering a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.")(quoting Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006)).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is

insufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp v. Twombly, 550 U.S. at 555 (citation omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face.  See Bell Atl. Corp. v. Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted).  The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570)(internal citations omitted).

In reviewing a pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but it is mindful that the complaint must be liberally construed. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d at 1110.

> [T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint. Nevertheless, conclusory allegations without supporting factual averments are insufficient to state claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

Hall v. Bellmon, 935 F.2d at 1110 (citations omitted).

## LAW REGARDING MOTIONS TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedures provides:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> > (1) on its own; or
>
> > (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Professors Charles Wright and Arthur Miller have recognized, however, that such motions are not favored and, generally, should be denied:

> The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or

"time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy . . . .

5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at 433-36 (3d. ed. 2004)(footnotes omitted). Accord Burget v. Capital W. Sec., Inc., 2009 WL 4807619, at *1 (W.D. Okla. December 8, 2009)(Miles–LaGrange, C.J.)(citing Scherer v. U.S. Dep't of Educ., 78 F. App'x 687, 689 (10th Cir. 2003)(unpublished))[2] ("While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court.")).

"'Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy.'" Estate of Gonzales v. AAA Life Ins. Co., 2012 WL 1684599, at *5 (D.N.M. May 8, 2012)(Browning, J.)(quoting Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., 2010 WL 132414, at *5 (N.D. Okla. January 8, 2010) (Egan, J.)). Professors Wright and Miller have also commented on what constitutes "immaterial" matter in the context of a motion to strike. See 5C Wright & Miller, supra, § 1382, at 458-60 (footnotes omitted). "'Immaterial' matter is that which has no essential or important relationship

---

[2]Scherer v. U.S. Dep't of Educ. is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court concludes that Scherer v. U.S. Dep't of Educ., Pevehouse v. Scibana, 229 F. App'x 795 (10th Cir. 2007)(unpublished), Searcy v. Soc. Sec. Admin., 956 F.2d 278, 1992 WL 43490 (10th Cir. 1992)(unpublished table decision), and In re Hopkins, 162 F.3d 1173, 1998 WL 704710 (10th Cir. 1998)(unpublished table decision)) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5C Wright & Miller, supra, § 1382, at 458-60 (footnotes omitted).

Moreover, "[o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike." <u>Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps.</u>, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009)(Wiley, J.). <u>Accord</u> <u>Ysais v. N.M. Judicial Standard Comm'n</u>, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009)(Browning, J.)("<u>Ysais</u>")(citing <u>Searcy v. Soc. Sec. Admin.</u>, 956 F.2d 278, 1992 WL 43490, at *1, *4 (10th Cir. 1992)(unpublished table decision))("Generally . . . motions, briefs, and memoranda may not be attacked by a motion to strike."). "The Federal Rules of Civil Procedure define 'pleadings' as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, 'if the court orders one, a reply to an answer.'" <u>Ysais</u>, 616 F. Supp. 2d at 1184 (quoting Fed. R. Civ. P. 7(a)).

"Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored." <u>Estate of Gonzales v. AAA Life Ins. Co.</u>, 2012 WL 1684599, at *5 (quoting <u>Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc.</u>, 2010 WL 132414, at *5)(internal quotation marks omitted)). "The exception to this principle is that a Court may 'choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court.' " <u>Ysais</u>, 616 F. Supp. 2d at 1184 (citing <u>In re Hopkins</u>, 162 F.3d 1173, 1998 WL 704710, at *3 n.6 (10th Cir. 1998)(unpublished table decision)).

For example, in Skyline Potato Co., Inc. v. Hi–Land Potato Co., Inc., 2012 WL 6846386 (D.N.M. December 31, 2012)(Browning, J.), the Court denied a motion to strike a letter filed with the Court, because the letter was not a pleading and did not pertain to either party's legal defenses or arguments -- the letter expressed one party's position regarding whether the Court should rule on summary judgment motions pending at the close of a bench trial. See 2012 WL 6846386, at *6. Similarly, in Great Am. Ins. Co. v. Crabtree, No. CIV 11-1129, 2012 WL 3656500 (D.N.M. August 23, 2012)(Browning, J.), the Court denied a plaintiff's motion to strike exhibits attached to the defendant's motion to dismiss, because they were neither pleadings nor irrelevant. See 2012 WL 3656500, at *18. In Applied Capital, Inc. v. Gibson, No. CIV 05-98, 2007 WL 5685131 (D.N.M. 2007)(Browning, J.), the Court refused the plaintiff's request to strike a motion to dismiss, because rule 12(f) applies only to pleadings, and not to a motion to dismiss. See 2007 WL 5685131, at *18. In Estate of Anderson v. Denny's, Inc., 291 F.R.D. 622, 635 (D.N.M. 2013)(Browning, J.), the Court denied the plaintiff's request to strike a notice of completion of briefing for similar reasons. See 291 F.R.D. at 635.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge

may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" One Parcel, 73 F.3d at 1059 (10th Cir. 1996)(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[3] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, has adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to

---

[3]28 U.S.C. §§ 631-39.

- 13 -

the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421,

1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In

this circuit, theories raised for the first time in objections to the magistrate judge's report are

deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district

court correctly held that [a petitioner] had waived [an] argument by failing to raise it

before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir.

2007)(unpublished).

In One Parcel, the Tenth Circuit, in accord with other courts of appeals, expanded the

waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060.

The Supreme Court of the United States -- in the course of approving the United States Court of

Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United

States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de*

*novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980).

"[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-

84).  "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion."  Garcia v. City of Albuquerque, 232 F.3d at 766.  The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the magistrate judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. 2013 WL 1010401, at *1, *4. The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'" Pablo v. Soc. Sec.Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.). See Alexandre v. Astrue, No. CIV 11-0384, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the PFRD de novo,

because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## LAW REGARDING STATUTES OF LIMITATION ON FIFTH AMENDMENT TAKINGS CLAIMS

The Takings Clause, as incorporated by the Fourteenth Amendment and applied to the states, requires the state to make a "reasonable, certain, and adequate provision for obtaining [just] compensation" at the time of a state's taking of private property for public use. Manning v. Energy Minerals, 2006-NMSC-027, ¶ 46, 144 P.3d 87, 97-98 ("Manning"). "It is beyond cavil that governmental action is required to trigger the application of this clause; it does not apply to private parties who are not state or governmental actors." Flagg v. Yonkers Sav. & Loan Ass'n, FA, 307 F. Supp. 2d 565, 585 (S.D.N.Y. 2004)(Connor, Senior J.), aff'd 396 F.3d 178 (2d Cir. 2005). The Takings Clause is self-executing, and just compensation is required when a taking occurs regardless of state statute, such that the state may not claim immunity under the NMTCA. Manning, 2006-NMSC-027, ¶¶ 21, 37, 47, 144 P.3d at 91-92, 95, 98. Inverse condemnation is the appropriate and exclusive remedy for a trespass action against a

state entity authorized to exercise the power of eminent domain. <u>Townsend v. State ex rel. State Highway Dep't</u>, 1994-NMSC-014, ¶ 6, 871 P.2d 958, 960. In New Mexico, both the state constitution and statutes govern a state's taking through its eminent domain powers. <u>See</u> N.M. Const. Art. 2, § 20; N.M. Stat. Ann., §§ 42A-1-1 to 42A-1-34. The remedy for a taking that occurs without just compensation by an entity with eminent domain authority is inverse condemnation under N.M. Stat. Ann. § 42A-1-29. Thus, if a state entity has eminent domain authority, § 42A-1-29 applies, while a taking by a state entity without eminent domain authority is subject to a Fifth Amendment Takings Claim.

For inverse condemnation claims, "no other statute of limitation shall be applicable or pleaded as a defense . . . except as provided in Section 42A-1-31 NMSA 1978." N.M. Stat. Ann. § 42A-1-30. Under § 42A-1-31(B), an inverse condemnation proceeding under § 42A-1-29 against any state agency or political subdivision must be brought within three years from the date of the agency or subdivision's taking or damaging. <u>See</u> N.M. Stat. Ann. § 42A-1-31(B); <u>Townsend</u>, 1994-NMSC-014, ¶¶ 8-9, 871 P.2d at 960. The common-law rule is that "a new and separate cause of action arises in inverse condemnation with each new injurious occurrence." <u>Townsend</u>, 1994-NMSC-014, ¶ 13, 871 P.2d at 961 (citing <u>Valdez v. Mountain Bell Telephone Co.,</u> 1988-NMCA-039, ¶ 21, 755 P.2d 80, 84 ).

## LAW REGARDING THE NMTCA STATUTE OF LIMITATIONS

Under the NMTCA, governmental entities and public employees acting within the scope of their duties are immune from liability for any tort, except as waived by the New Mexico Religious Freedom Restoration Act, N.M. Stat. Ann. §§ 28-22-1 through 28-22-5, and N.M. Stat. Ann. §§ 41-4-5 through 41-4-12. N.M. Stat. Ann. § 41-4-4(A). For plausible tort claims under the NMTCA brought against individual defendants as public employees acting within the

scope of their duties, the statute of limitations expires "two years after the date of occurrence resulting in loss, injury, or death." N.M. Stat. Ann. § 41-4-15.

## **LAW REGARDING COMMON LAW CLAIMS' STATUTES OF LIMITATION**

The New Mexico statute of limitation for claims involving the injury or conversion of personal property is within four years of the date of the occurrence. See N.M. Stat. Ann. § 37-1-4. Common-law trespass, conversion, and nuisance are claims involving the injury or conversion of personal property. See McNeill v. Rice Eng'g & Operating, Inc., 2006-NMCA-015, ¶ 6, 128 P.3d 476, 478 (noting that the statute of limitations for trespass claims is four years); Wilde v. Westland Dev. Co., 2010-NMCA-085, ¶ 18, 241 P.3d 628, 635 ("The statute of limitations for causes of action sounding in fraud or conversion is four years from the date that the cause of action accrues."); Yurcic v. City of Gallup, 2013-NMCA-039, ¶ 7, 298 P.3d 500, 503 (finding that the four-year statute of limitations under § 37-1-4 applies to nuisance claims against private individuals).

## **ANALYSIS**

No party has objected to the recommendation that the Court deny the Plaintiffs' Request for Admission, and the Court agrees with the Magistrate Judge's proposed finding that the Request is improper. Therefore, the Court will deny the Plaintiffs' Request for Admission.

The State Defendants have sought to strike from the record the Plaintiffs' Discovery Motion. The State Defendants do not, however, state under what authority they seek to have the Discovery Motion stricken. The State Defendants have asserted no objection to the PFRD's recommendation that the Court should deny the Motion to Strike. The Court has reviewed the PFRD and agrees with Magistrate Judge Ritter that the Court should deny the Motion to Strike. Accordingly, the Court adopts the recommendation and denies the Motion to Strike.

In their Motion to Dismiss, the State Defendants assert that the statute of limitations has expired on the Plaintiffs' trespass claims and that the Plaintiffs have failed to state a plausible copyright claim related to their allegations that State Defendants wrongfully published information about Plaintiffs' property. See MTD at 3-5. Although the State Defendants' statute-of-limitations analysis only includes the statute of limitation for claims brought under the NMTCA, the PFRD details the applicable statute of limitations for each of the Plaintiffs' claims. See PFRD at 7-16. In the Objections, the Ortizes argue that "Paleontology is a fluid and continuous procedural discipline based on fossils and the context and locality where the fossils were found or removed from," so the State Defendants' publication of information related to their Property as recently as 2015 "resets" the statute of limitation on their claims. Objections at 1. As Judge Ritter explained in the PFRD, however, the Plaintiffs' allegations in their Complaint concerning the Defendants' publication of articles that reference the Plaintiffs' property fail to state a plausible claim upon which relief may be granted. See PFRD at 16. Thus, the Plaintiffs' Objection, that the Defendants' 2015 publication of an article that references the Plaintiffs' property and the fossils allegedly taken therefrom resets the statute of limitations for their trespass and conversion claims, lacks a sound basis in law or fact. The Court therefore adopts Magistrate Judge Ritter's recommendation that the statute of limitations on the Plaintiffs' claims has expired, and the Plaintiffs have otherwise failed to state a claim upon which relief can be granted on their publication claims.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed December 13, 2017 (Doc. 43) is adopted; (ii) the State Defendants' Motion to Strike 'Notice and Application of the Delayed Discovery Rule' (Document 30) by Plaintiff, filed August 9, 2017 (Doc. 33), is denied; (iii) the Plaintiffs' "Request for Admission," filed

September 8, 2017, (Doc. 39), is denied; and (iv) the State Defendants' Motion to Dismiss, filed September 30, 2017, (Doc. 25), is granted. The Plaintiffs' claims against Defendants New Mexico Department of Cultural Affairs, the New Mexico Museum of Natural History, Adrian P. Hunt, Spencer G. Lucas, Philip Huber, Phil Bircheff, Kaye Toolson, D. Baird, K. Kietzke, and Allan Lerner are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Henry Ortiz
Ribera, New Mexico

    *Plaintiff pro se*

Sofie Ortiz
Ribera, New Mexico

    *Plaintiff pro se*

Daniel R. Dolan II
Albuquerque, New Mexico

    *Attorney for Defendants New Mexico Department of Cultural Affairs, New Mexico Museum of Natural History, Adrian P. Hunt, Spencer G. Lucas, Philip Huber, Phil Bircheff, Kaye Toolson, D. Baird, K. Kietzke, and Allan Lerner*

Stuart Butzier
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorney for Defendant New Mexico Geological Society*

Tomas Romero
Ribera, New Mexico

    *Defendant pro se*