IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENRY ORTIZ and SOFIE ORTIZ,

    Plaintiffs,

vs.                                                                                                                             No. CIV 16-1396 JB/JHR

NEW MEXICO DEPARTMENT OF
CULTURAL AFFAIRS, NEW MEXICO
MUSEUM OF NATURAL HISTORY,
NEW MEXICO GEOLOGICAL SOCIETY,
ADRIAN HUNT, PHILLIP HUBER,
SPENCER LUCAS, KAYE TOOLSON,
PHIL BERCHEFF, D. BAIRD, K. KIETZKE,
ALLEN LERNER, and TOMAS ROMERO,

    Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on: (i) the Honorable Jerry H. Ritter's Proposed Findings and Recommended Disposition, filed January 5, 2018 (Doc. 46)("PFRD"); (ii) Defendant New Mexico Geological Society's ("the Geological Society") Motion to Dismiss Plaintiffs' Complaint Against New Mexico Geological Society for Failure to State Any Claim Upon Which Relief Can Be Granted, see Ortiz v. N.M. Dept. of Cultural Affairs No. CIV 16-0773 KG/LF, filed July 12, 2016 (Doc. 18)("Motion to Dismiss");[1] and (iii) the Plaintiffs'

---

[1]This case is a revived case from a previously removed case from the Fourth Judicial District Court, State of New Mexico, Ortiz v. N.M. Dept. of Cultural Affairs Case No. D-412-CV-2016-00227. The case that was previously removed was No. CIV 16-0773 KG/LF. In that case, the Geological Society filed its Motion to Dismiss on July 12, 2016. No responsive brief was filed in the previously removed case, No. CIV 16-0773 KG/LF, within the deadline to file responsive pleadings. Nor was a responsive pleading filed in the state court action after the original federal case was remanded. It was not until exactly one year later, on July 12, 2017, after the state case was removed a second time, when the Geological Society filed a Notice of Completion of Briefing on the Motion to Dismiss. See New Mexico Geological Society's Notice of Completion of Briefing for its Motion to Dismiss, filed July 12, 2017 (Doc. 27). The

Arguments in Opposition to Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 11, 2018 (Doc. 48)("Objections"), which the Court interprets as objections to the PFRD. Having conducted a de novo review of the record, the Court overrules the Ortizes' objections, adopts the Honorable Jerry Ritter, United States Magistrate Judge's recommendations, and dismisses the claims brought against the Geological Society with prejudice.

## PROCEDURAL BACKGROUND

The Court's two previous Memorandum Opinions and Orders meticulously discussed this case's factual and procedural background, and the Court will not repeat that background here. See Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition, filed September 20, 2017 (Doc. 40); Memorandum Opinion and Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 31, 2018 (Doc. 49).

The Geological Society filed its Motion to Dismiss in the previously removed case, see No. CIV 16-0773 KG/LF, on July 12, 2016. The Geological Society argues that the "Plaintiffs' complaint does not allege sufficient facts to put the Geological Society on notice of Plaintiffs' claims, nor does the complaint tell a story from which the essential elements of Plaintiffs' claims could be inferred." Motion to Dismiss at 3. The Geological Society further argues, however,

---

Plaintiffs filed a responsive brief to the Notice of Completion of Briefing, arguing that the Motion to Dismiss became ineffective, because "the case had been removed illegally to federal court, establishing lack of jurisdiction." Response to New Mexico Geological Society's Notice on Completion of Briefing for its Motion to Dismiss, Further Argument Against Removal, and Arguments of Eminent Domain and of Continuous Transgression, ¶ 1, at 1, filed July 19, 2017 (Doc. 28). Neither the Federal Rules of Civil Procedure nor the local rules allow a responsive brief to be filed after a Notice of Completion of Briefing is filed. See D.N.M. LR-CIV 7.4; Fed. R. Civ. P. 7(b). Accordingly, the Court does not have to consider the responsive brief to the Notice of Completion of Briefing. Nonetheless, in the interest of completeness, the Court will consider the arguments in the Plaintiffs' responsive brief.

that even considering the causes of action that the Ortizes assert in their Complaint, see Petition for Compensation For a Continuous Crime of Trespass and Theft of Private Paleontological Property in the Form of Newly Discovered Fossils, Keeping Same, and Continually Publicizing New Scientific Information Thereof, filed May 5, 2016 (Doc. 1-2)("Complaint"), under the liberal standard afforded pro se claimants, the Ortizes fail to state any claim upon which relief can be granted. See Motion to Dismiss at 3. The Geological Society also argues that, because "NMGS is a nonprofit organization, not a governmental entity," and only governmental entities have taking powers under the Fifth Amendment of the Constitution of the United States of America, the Plaintiffs' Fifth Amendment Takings claim against the Geological Society as a non-governmental entity fails. Motion to Dismiss at 6-7. Finally, regarding the Ortizes' allegations that the Defendants wrongfully published information concerning the Ortizes' property, the Geological Society argues that the Ortizes' purported copyright claim based on these allegations fails, and that the Ortizes are not entitled to the injunctive relief they seek to stop the Defendants from publishing articles concerning their property. See Motion to Dismiss at 7-8.

The Ortizes did not file a responsive brief to the Motion to Dismiss, and neither the federal or state court heard the Motion to Dismiss. The Defendants once again removed the case to federal court in December, 2016. See Notice of Removal at 1-3, filed December 23, 2016 (Doc. 1). On July 12, 2017, the Geological Society filed a Notice of Completion of Briefing in this federal case. See New Mexico Geological Society's Notice of Completion of Briefing for its Motion to Dismiss, filed July 12, 2017 (Doc. 27)("Notice"). The Ortizes then filed a Response to New Mexico Geological Society's Notice on Completion of Briefing for its Motion to Dismiss

(Document 27), Further Argument against Removal, and Arguments of Eminent Domain and of Continuous Transgression, filed July 19, 2017 (Doc. 28).

Before issuing its decisions on the pending motions before it, the Court, in accordance with 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and Va. Beach Fed. Sav. & Loan Ass'n v. Wood, 901 F.2d 849 (10th Cir. 1990), referred the case to Magistrate Judge Ritter for recommended findings and final disposition on September 7, 2017. On December 13, 2017, Magistrate Judge Ritter issued his first Proposed Findings and Recommended Disposition, filed December 13, 2017 (Doc. 43), recommending that the Court deny the State Defendants'[2] Motion to Strike 'Notice and Application of the Delayed Discovery Rule' by Plaintiff, filed August 9, 2017 (Doc. 33), grant the State Defendants' Motion to Dismiss, filed June 30, 2017 (Doc. 25), and dismiss the case against the State Defendants with prejudice. The Court adopted Magistrate Judge Ritter's proposed findings and recommendations on January 31, 2018. See Memorandum Opinion and Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 31, 2018 (Doc. 49).

On January 5, 2018, Magistrate Judge Ritter filed a second Proposed Findings and Recommended Disposition, recommending that the Court grant the Geological Society's Motion to Dismiss. See PFRD at 13. On January 11, 2018, the Ortizes filed their Objections. See Objections at 1. None of the Defendants filed objections to the PFRD or responded to the Ortizes' Objections by the January 19, 2018 deadline.

---

[2]The State Defendants in the Motion to Dismiss and the Motion to strike are delineated as: Defendants New Mexico Department of Cultural Affairs, New Mexico Museum of Natural History, Adrian P. Hunt, Spencer G. Lucas, Philip Huber, Phil Bercheff, Kaye Toolson, D. Baird, K. Kietzke, and Allan Lerner. Defendant Tomas Romero is proceeding pro se and is not included in the "State Defendants'" Motions.

The Court, having thoroughly considered Magistrate Judge Ritter's PFRD, the Ortizes' Objections, as well as reviewing the record de novo, has determined that Magistrate Judge Ritter's PFRD is sound, and therefore will adopt it in full.

## LAW REGARDING DISMISSAL

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994). A complaint's sufficiency is a question of law, and, when considering a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) ("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.")(quoting Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006)).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)("Ashcroft")(citing Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp v. Twombly, 550 U.S. at 555 (citation omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted). The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570) (internal citations omitted).

In reviewing a pro se complaint, the court applies the same legal standards applicable to pleadings that counsel drafts, but is mindful that the complaint must be liberally construed. See

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d at 1110.

> [T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint. Nevertheless, conclusory allegations without supporting factual averments are insufficient to state claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

Hall v. Bellmon, 935 F.2d at 1110 (citations omitted).

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

> made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" One Parcel, 73 F.3d at 1059 (10th Cir. 1996)(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act[3], including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district

---

[3]28 U.S.C. §§ 631 to -39.

court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[4]

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States

---

[4] Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

> Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at

1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980).

"[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely

conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d

at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

## LAW REGARDING COPYRIGHT INFRINGEMENT

The owner of a registered copyright under the federal statute has the exclusive rights to that copyright and can sue to enforce it. See 17 U.S.C. §§ 106, 106A, 411, 505. "To prove a copyright infringement under the federal Copyright Act[5], a plaintiff must show: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" Harolds Stores, Inc. v. Dillard Dept. Stores, Inc., 82 F.3d 1533, 1543 (10th. Cir. 1996) (internal citation omitted), cert. denied, 519 U.S. 928 (1996).

Although the Tenth Circuit has not decided the issue, other United States Courts of Appeals and at least one district court have found that Congress intended that the section in the copyright law that imposes a fine for fraudulently placing or publicly distributing an article a notice of copyright known to be false, see 17 U.S.C. § 506(e)(1977), serves as a criminal statute and does not give rise to a private cause of action. See Donald Frederick Evans & Assocs., Inc. v. Cont'l Homes, Inc., 785 F.2d 897, 913 (11th Cir. 1986); Ashton-Tate Corp. v. Ross, 728 F. Supp. 597, 602 (N.D. Cal. 1989), aff'd, 916 F.2d 516 (9th Cir. 1990)("Because section 506(e) is solely a criminal statute that does not provide a private cause of action, defendants do not have standing to assert this claim.")(citing Donald Frederick Evans & Assocs., Inc., 785 F.2d at 913); Kelly v. L.L. Cool J., 145 F.R.D. 32, 39 (S.D.N.Y. 1992), aff'd sub nom. Kelly v. L.L. Cool J, 23 F.3d 398 (2d Cir. 1994)("[T]here is no private cause of action under the criminal provisions of the copyright law.").

---

[5] 17 U.S.C. § 101 et seq.

## ANALYSIS

Magistrate Judge Ritter thoroughly analyzed each of the factual allegations against the Geological Society in the Plaintiffs' Complaint and determined that the Ortizes have not made sufficiently specific factual allegations to state a plausible claim against the Geological Society. The Court has thoroughly reviewed and considered Magistrate Judge Ritter's analysis of the Ortizes' allegations against the Geological Society, and agrees that the Ortizes allege insufficient facts to state a claim regarding the trespass and removal of fossils from their property against the Geological Society. See PFRD at 7 ("Plaintiffs' sole conclusory allegation that all named defendants participated directly or indirectly in trespassing on their Property and removed the fossils found thereon, without any further supporting factual averments, is insufficient to state a claim on which relief can be granted."); id. at 8 ("Because Plaintiffs do not provide specific factual allegations as to the grounds on which they claim [the Geological Society] indirectly participated in trespassing and removing fossils, they do not provide sufficient notice to [the Geological Society] and cannot withstand a motion to dismiss under Rule 12(b)(6).").

The Ortizes make three Objections to the PFRD regarding their Complaint's publication allegations: (i) the Geological Society is an indispensable party and the distributor of the publications that distributed information about the Ortizes' property; (ii) the information within the copyrighted material was "illegally obtained"; and (iii) the Defendants published and copyrighted information that belonged on the public domain about the Ortizes' "site data" and falsely represented that the land belonged to Tomas Romero. Objections ¶¶ 1-2, at 1. Magistrate Judge Ritter explained, however, in the previously issued PFRD addressing the State Defendants' Motion to Strike and Motion to Dismiss, that the Court has already determined that the Ortizes did not assert a claim regarding their allegations about the Defendants' publication of

articles referencing their property.  See Proposed Findings and Recommended Disposition at 14, filed December 13, 2017 (Doc. 43).  Even if the Court had not made this determination, Magistrate Judge Ritter concluded, and the Court agrees, that no such claim can be deciphered from the Complaint.  See Proposed Findings and Recommended Disposition at 14, filed December 13, 2017 (Doc. 43).  The Ortizes did not object to the Court's determination that they had not brought a copyright claim and have, accordingly, waived that claim.

Nonetheless, the Ortizes insist in their Objections that they have stated a claim for making a false copyright notice, a claim they term "Copyfraud."  Objections ¶ 2, at 1.  The Ortizes first use this term in their Objections to the PFRD and do not cite any authority for recognizing this claim. Even if the Ortizes' Objection was timely and properly brought, no private right of action exists for a claim that most resembles the allegations of the Ortizes' purported "copyfraud" claim within the criminal provision of the copyright law under 17 U.S.C. § 506(e).  Moreover, even if the Ortizes had not waived their copyright claim by failing to object to the Court's earlier ruling and they were able to bring a private cause of action for "Copyfraud," the Ortizes have not alleged sufficient facts to state a copyright claim.  The Ortizes do not allege that they have a valid copyright, nor do they allege that the Defendants copied constituent elements of the work that are original.  "[T]he Supreme Court outlined the elements of copyright infringement in 1991 to include 'copying of constituent elements of the work that are original.'"  4 Nimmer on Copyright § 13.03(A)(2)(b)(quoting Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)).  Accordingly, the Court overrules the Ortizes' Objections and adopts Magistrate Judge Ritter's recommendation that the Court dismiss the Ortizes' claims with prejudice regarding the Defendants' publication of articles that reference the Ortizes' property for failing to state a claim upon which relief can be granted.

One defendant, Tomas Romero, who proceeds pro se, remains in this case. Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Supreme Court has interpreted this rule, however, to give the district courts the power to dismiss a party with prejudice sua sponte for the plaintiff's failure to prosecute a claim. See Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R. Co., 370 U.S. at 629. Indeed, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R. Co., 370 U.S. at 629-30. The Ortizes filed their Complaint on May 5, 2016, see Complaint at 1, but Romero has not been served to this date. The Court therefore concludes that the Ortizes have failed to prosecute their claims against Romero and will dismiss the Ortizes' claims against Romero without prejudice.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 5, 2018 (Doc. 46) is adopted; (ii) Ortiz v. N.M. Dept. of Cultural Affairs No. CIV 16-00773 KG/LF, Defendant New Mexico Geological Society's Motion to Dismiss Plaintiffs' Complaint Against New Mexico Geological Society for Failure to State Any Claim Upon Which Relief Can Be Granted, filed July 12, 2016 (Doc. 18) is granted; (iii) the Plaintiffs' Arguments in Opposition to Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 11, 2018 (Doc. 48) are overruled; and (iv) all claims against Defendant Tomas Romero are dismissed without prejudice. The Plaintiffs' claims against Defendant New Mexico Geological Society are dismissed with prejudice. The Plaintiffs' claims against Defendant Tomas Romero are dismissed without prejudice.

_[signature]_  
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Henry Ortiz
Ribera, New Mexico

    *Plaintiff pro se*

Sofie Ortiz
Ribera, New Mexico

    *Plaintiff pro se*

Daniel R. Dolan II
Albuquerque, New Mexico

    *Attorney for Defendants New Mexico Department of Cultural Affairs, New Mexico Museum of Natural History, Adrian P. Hunt, Spencer G. Lucas, Philip Huber, Phil Bircheff, Kaye Toolson, D. Baird, K. Kietzke, and Allan Lerner*

Stuart Butzier
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorney for Defendant New Mexico Geological Society*

Tomas Romero
Ribera, New Mexico

    *Defendant pro se*